552 So.2d 1050 (1989)
CHARLES E. McDONALD LAND DEVELOPMENT, INC.
v.
Samuel CASHIO, Lawrence Badeaux, Sr., Charmaine Golson, et al.
No. CA 88 1339.
Court of Appeal of Louisiana, First Circuit.
November 15, 1989.
Gerard E. Kiefer, Baton Rouge, for plaintiff-appellant Gerard E. Kiefer, Charles E. McDonald Land Development, Inc.
John R. Keogh, Baton Rouge, William O. Templet, Plaquemine, Richard J. Ward, Jr., Maringouin, for defendants-appellees John R. Keogh, Margaret Major, William O. Templet, Charmaine Golson, Richard J.
*1051 Ward, Jr., Samuel Cashio, Lawrence Badeaux, Sr., Gantt.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Plaintiff appeals from the trial court's sustaining of a peremptory exception raising the objection of res judicata and dismissal of the case. We reverse.

FACTS
On February 10, 1981, plaintiff, Charles E. McDonald Land Development, Inc., sold 35.972 acres in Iberville Parish to James D. Fountain, Sr., for $250,000.00. The majority shareholder and president of the corporation, Charles E. McDonald, was incarcerated at the time of the sale to Mr. Fountain. Mr. McDonald was not released until 1986.
At the sale, the corporation was represented by George McDonald. He was authorized to sign the sale for the corporation by a resolution of the board of directors signed by the corporate secretary, Theresa Bush McDonald.
By a credit sale, dated July 3, 1981, Mr. Fountain sold the property to Catalba Development, Ltd. (Catalba). Catalba later sold parcels of the property to various purchasers.

PROCEDURAL HISTORY
Plaintiff, Charles E. McDonald Land Development, Inc. (Land Development), filed suit on September 29, 1981, against defendants, James D. Fountain, Sr., and Catalba. Plaintiff claimed the full purchase price had not been paid and sought dissolution of the sale. Plaintiff also claimed Catalba had been incorporated and had purchased the property from Fountain solely to insulate Fountain from liability and to bar dissolution of the sale. If the sale could not be dissolved, plaintiff sought alternative damages, for loss of the property, in the amount of $1,000,000.00.
The trial court found the plaintiff had not proved its claims. The plaintiff's suit was dismissed.
A second suit was filed by the plaintiff corporation, Land Development, against Fountain and Catalba on June 25, 1982. Plaintiff claimed the just price had not been paid and prayed that the sale be rescinded based on lesion beyond moiety.
Catalba filed peremptory exceptions raising the objections of res judicata and no right of action. The trial court sustained the exceptions and dismissed Catalba from the suit in September of 1982. In March of 1983, the trial court dismissed the suit, with prejudice, against the remaining defendant, Mr. Fountain.
On September 24, 1987, Land Development again filed suit. By the trial date, Samuel Cashio, Lawrence Badeaux, Sr., Kevin Gantt, Margaret Major, and Theresa Bush McDonald had been named as defendants. Charles E. McDonald intervened in the suit. All of the defendants, except Theresa McDonald, were successors in title to the interest of the original purchasers and defendants, Fountain and Catalba.
Plaintiff corporation claimed the resolution authorizing George McDonald to sell the property was improperly issued, and the sale price was never delivered. The petition stated that Theresa Bush McDonald, now known as Charmaine McDonald Golson (Ms. Golson), was given a power of attorney by the majority shareholder, Charles McDonald, which was limited to the exercise of his shareholder rights with authority to sell or alienate only certificates of stock. Because Ms. Golson's vote, on behalf of Charles McDonald, at the meeting of the board of directors authorizing the sale of the property was invalid, the resolution was invalid. Plaintiff also asserts that the sale price was misappropriated by Ms. Golson. The suit demanded that the sale be rescinded and that there be judgment in favor of the corporation and against Ms. Golson for the purchase price of $250,000.00.
The defendants filed exceptions objecting to the action. The trial court denied the peremptory exception of no right of action and the dilatory exception of lack of procedural capacity, but sustained the peremptory *1052 exception of res judicata as to all of the defendants. The suit was dismissed.
Plaintiff corporation appealed the sustaining of the exception of res judicata. Subsequently, on a motion by plaintiff, the appeal was dismissed with respect to all the defendants, except Ms. Golson. The plaintiff argues that Ms. Golson has never been sued by plaintiff for acts against the corporation and for misappropriation of the purchase price.

RES JUDICATA
LSA-R.S. 13:4231 defines res judicata as:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
To sustain an exception of res judicata, all three requirements must be present: identity of the parties, the cause, and the thing demanded. The absence of any one of the requirements defeats the exception of res judicata. Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978).
Identity of the parties does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. Ditch v. Finkelstein, 399 So.2d 1216, 1222 (La.App. 1st Cir.1981); Heine v. Muse, 206 So.2d 529, 532 (La.App. 1st Cir.1968).
There is no identity of the parties between plaintiff corporation and Ms. Golson as a defendant in the third suit. Neither does Ms. Golson identify with the previous defendants in the same capacity or quality. Ms. Golson was not named, as a defendant, in the two previous suits. It appears from the record that, at the time of the first two suits, she was a director, shareholder, and officer of the plaintiff corporation. Ms. Golson was not a purchaser in the original sale nor a successor in title to the interest of the original purchasers from Land Development.
Cause is the juridical or material fact upon which the right claimed is based. Mitchell v. Bertolla, 340 So.2d 287, 291 (La.1976). It is the legal obligation on which the action is founded. Preis v. Standard Coffee Service Co., 545 So.2d 1010, 1013 (La.1989), citing Sliman v. McBee, 311 So.2d 248 (La.1975). The cause in the third suit, concerning Ms. Golson, is based on her duty to the corporation. The first two suits were founded on the legal obligations of vendors and vendees which arise from a sale.
The thing demanded in the third suit, against Ms. Golson, is the return of misappropriated funds. The return of the property to plaintiff and damages for loss of the property were the demands in the first suit. The second suit also demanded return of the property.
We conclude, after a review of the record, that the exception of res judicata was incorrectly sustained. Because of the absence of the requirements of res judicata, the identity of the parties, the cause, and the thing demanded, the exception must be overruled.
The judgment of the trial court sustaining Ms. Golson's peremptory exception raising the objection of res judicata is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to defendant/appellee.
REVERSED AND REMANDED.