707 So.2d 454 (1998)
J. Stanley MIDDLETON, Individually and formerly d/b/a Family Pools
v.
PARISH OF JEFFERSON through its Department of Inspection and Code Enforcement.
No. 97-CA-324.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
Malcolm B. Robinson, Jr., Metairie, for plaintiff-appellant.
Peggy Barton, Assistant Parish Attorney, Gretna, for defendant-appellee.
Before GRISBAUM, C.J., and GAUDIN and WICKER, JJ.
GRISBAUM, Chief Judge.
This appeal concerns a judgment maintaining an exception of res judicata. We affirm.

FACTS AND PROCEDURAL HISTORY
A lot at 1322 Shrewsbury Road in Jefferson Parish was being used as a tire storage facility. Complaints about trash, debris, inoperable vehicles, and used tires began in 1993 whereupon Jefferson Parish officials from the Department of Inspection and Code Enforcement went to investigate. Officials *455 first spoke to Mr. J. Stanley Middleton, owner of the adjoining property, who responded that he had no knowledge about the owner or operation of the property. Once it was determined that K.D.O.G. Equipment Rental, Inc., (KDOG), a corporation domiciled in Jefferson Parish, was the record owner of this property, Parish officials began processing violations against the corporation. It was later revealed that Mr. Middleton is President of KDOG and was president at the time of the initial inquiry.
On April 24, 1995, an Administrative Hearing Officer ordered the removal of all the trash, debris, tires, and inoperable vehicles on the property within 30 days or cleanup would be done by the Parish at the corporation's expense. On July 18, 1995, the Parish contractor began the cleanup of the property pursuant to an administrative order.
Mr. Middleton, on behalf of KDOG in its corporate capacity, filed suit, seeking a Temporary Restraining Order (TRO) and Injunction against the Parish. A TRO was granted, but the trial court subsequently denied the request for a preliminary injunction. An appeal was then filed, which affirmed the trial court's decision. Although the only issue raised at the trial and appellate levels was to determine whether procedures employed by the Parish were sufficient to comport with due process rights to give notice to the corporation, both courts determined that the appropriate procedures were followed. Thus, the Parish had the proper authority to enforce the administrative order.
On February 17, 1996, Mr. Middleton brought suit on his own behalf against the Parish. Mr. Middleton claims damages resulting from negligent actions by the Parish and alleges that the Parish exceeded its authority in removing property belonging to him personally. He argues that his personal property, not property of the corporation, was being stored on the lot at 1322 Shrewsbury Road pursuant to an agreement with the corporation.
Since an answer was not filed by the Parish, a preliminary default was entered on September 9, 1996 whereupon an exception of res judicata was raised on September 11, 1996. A hearing was held on November 13, 1996 and the exception was maintained.

ISSUE
The only issue presented is whether a corporate official can avoid an exception of res judicata by bringing, in his individual capacity, a suit already litigated on behalf of the corporation.

LAW AND ANALYSIS
The law of res judicata is set forth in La.R.S. 13:4231. The statute provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
This statute became effective January 1, 1991 and is an amendment of the prior law and makes a substantial change. La.R.S. 13:4231, Comment (a). "The central inquiry is not whether the second action is based on the same cause or cause of action ... but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." Id. (emphasis added). The rationale of the amendment is to serve "the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence." Id. The parties *456 do not dispute that this matter arises out of the same transaction or occurrence.
In the amended statutory scheme, we have found there is nothing to suggest that identity of parties is no longer required for a bar of the second action, Morris v. Haas, 95-75 (La.App. 5th Cir. 5/30/95), 659 So.2d 804, 804-10, which does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. Id. (citing Charles E. McDonald Land Dev., Inc. v. Cashio, 552 So.2d 1050 (La.App. 1st Cir.1989)). Therefore, we must determine whether the KDOG entity and Mr. Middleton are the same parties as a matter of law.
The general rule that corporations are distinct legal entities is well supported by jurisprudence and statute. La.R.S. 12:93(B); La.Civ.Code arts. 435-37; Riggins v. Dixie Shoring Co., Inc. 590 So.2d 1164 (La.1991), reh'g denied, 592 So.2d 1282. However, we note that courts have used "veil piercing," which is a term used to refer to a court's refusal to give legal effect to the normally separate legal personality of a corporation. Morris, "Piercing the Corporate Veil in Louisiana," 52 La.L.Rev. 271. Although these cases usually arise to impose personal liability on corporate shareholders for corporate debts, this is a flexible doctrine that can be used in any situation in which the separate personality of the corporation appears to be blocking a just result. Id.
Our jurisprudence has held that only exceptional circumstances warrant the radical remedy of piercing the corporate veil. Sparks v. Progressive Am. Ins. Co., 517 So.2d 1036 (La.App. 3d Cir.1987), writ denied, 519 So.2d 106 (La.1987); Chef's Fried Chicken, Inc. v. Bull McWood, Inc., 459 So.2d 1371 (La.App. 3d Cir.1984). However, fraud and deceit are recognized exceptional circumstances. Chef's Fried Chicken, supra; Cahn Elec. Appliance Co. v. Harper, 430 So.2d 143 (La.App. 2d Cir.1983).
This Court discerns from the record that Mr. Middleton is trying to claim that he is a separate entity from KDOG in order to preclude res judicata. The record is replete with fraud and deceit as evidenced by attempts by Mr. Middleton to confuse and conceal his relationship with the property to Parish officials and to this Court. Furthermore, he tries to have it both ways because, in his petition, he seeks damages both in his individual capacity and on behalf of the corporation. Mr. Middleton seeks damages for "Attorney's fees and costs of court owed to KDOG Equipment Rental, Inc. to attempt to stop removal and destruction of property and materials having value to petitioner," (Plaintiff's petition, paragraph 8, subparagraph (j)) and "Loss of business and income as a result of removal and destruction of inventory through the operations of the Parish of Jefferson," (Plaintiff's petition, paragraph 8, subparagraph (k)). By claiming these specific damages, Mr. Middleton is trying to assert the corporation's damages; however, as an individual, he has no right of action to sue on behalf of the corporation, because these damages are owed to the corporation and not owed to him. Only the corporation or someone with proper authority on the corporation's behalf has a right of action to bring its damages. By claiming these damages on behalf of the corporation, Mr. Middleton is appearing in the same capacity as the corporate entity, and, thus, triggers res judicata application.
Although it is alleged that Mr. Middleton is not a shareholder of KDOG, shareholder status is not the only element used in determining if veil piercing is appropriate. Courts also consider other factors but are not limited to: "1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and booking records; and 5) failure to hold regular shareholder and director meetings." Riggins, supra, at 1168 (citations omitted). Besides the five factors approach, Louisiana courts have also developed a parallel "two-part" test where the veil may be pierced if (1) the corporation is an alter ego and has been used by the shareholder to carry out some sort of fraud or (2) even in the absence of fraud, the shareholder has failed to conduct business on a "corporate footing" to such an extent that the corporation *457 has become indistinguishable from the shareholder. Kingsman Enterprises, Inc. v. Bakerfield Elec. Co., 339 So.2d 1280, 1282 (La.App. 1st Cir.1976) (emphasis added).
In Riggins, the court held that non-shareholders may not be held liable under a veil piercing theory. However, our brothers in the Third Circuit saw no difficulty in piercing a corporate veil to a person who was not formally a shareholder in the pierced corporation. Withers v. Timber Products, Inc. 574 So.2d 1291 (La.App. 3d Cir.1991), writ denied, 580 So.2d 378 (La.1991). See also, Brown v. Benton Creosoting Co., 147 So.2d 89 (La.App. 2d Cir.1962) where the Second Circuit took the same position as the Withers Court.
We should make note that this issue of piercing to non-shareholders was addressed by Professor Glenn Morris of the Paul M. Hebert Law Center at Louisiana State University, author of many comprehensive articles on corporate veil piercing. Professor Morris argues that, given the choice between these two competing views in Riggins and Withers, the Withers' approach should prevail.
The very point of veil-piercing is to avoid injustice by disregarding the formal structure of a transaction or relationship in favor of its substanceto impose personal liability on persons who have, in substance, run their nominally incorporated business in a way that makes it unfair to allow them to deny their responsibility for the obligations of the business by interposing the corporation's separate legal personality. But if the corporation's very existence is to be disregarded in a veil-piercing case, it hardly makes sense to resurrect the stock ownership records of the legally nonexistent corporation as a means of limiting the class of persons that may be found to have acted in a way that justifies making them personally liable under a veil-piercing theory.
Morris, "Agency, Partnership & Corporations," 52 La.L.Rev. 493 at 508. Our jurisprudence recognizes that:
the problems involved [in veil-piercing cases] are to be solved not by "disregarding" the corporate personality, but by a study of the just and reasonable limitations upon the exercise of the privilege of separate capacity under particular circumstances in view of its proper use and functions. The policies behind recognition of a separate corporate existence must be balanced against the policies justifying piercing.... Depending upon the various competing policies and interests involved, the same factual scenario may result in recognition of a separate corporate identity for some purposes ... and a disallowance of the separate corporate entity privilege for others.
Morris, "Piercing the Corporate Veil," 52 La.L.Rev. 275-76 (citing Glazer v. Comm'n on Ethics for Public Employees, 431 So.2d 752 (La.1983)) (footnote omitted).
The record demonstrates that Mr. Middleton was aware of and participated in all of the events regarding the Shrewsbury property. If Mr. Middleton had wanted to claim his personal damages, he had ample opportunity to intervene in the prior litigation. All of his claims in the second action arise out of the transaction or occurrence that is the subject matter of the first litigation and, thus, should have been brought under the res judicata principle. By allowing him a safe harbor to bring suit under a separate personality, it would undermine the purpose of judicial economy and fairness of this principle. We, thus, balance the policies behind recognizing a separate corporate existence and the policies justifying piercing. Therefore, we conclude that veil piercing must be used in this instance not to impose personal liability on Mr. Middleton but to prevent his use of subversive tactics to take an unjust advantage of a legal distinction. Allowing a corporate official to bring suit in his individual capacity, solely for the purpose of avoiding an exception of res judicata, would be an unjust result. By doing this, we find that KDOG and Mr. Middleton are the same parties as a matter of law, thus, res judicata is appropriate.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of *458 this appeal are to be assessed against the appellant.
AFFIRMED.