MOORE, Judge,
concurring in part and dissenting in part.
In the present case, the trial court applied the principle of piercing the corporate veil to extend individual liability for Deann Fialkowski’s claims alleging breach of the implied warranty of good workmanship and breach of contract to Bruce Kit-chura, who had performed construction work for Fialkowski under the corporation named TLIG Maintenance Services, Inc. (“TLIG”). ■ The main opinion concludes that the principle of piercing the corporate veil cannot apply to an individual who, like Kitchura, was not a shareholder, officer, or director of a corporation. Because I disagree with that conclusion, I respectfully dissent as to the main opinion’s reversal of the trial court’s imposition of individual liability on Kitchura.
Our supreme court has explained the rationale for piercing a corporate veil as follows; “[T]he piercing-the-corporate-veil doctrine is an equitable doctrine.... ‘[I]t ... furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation.’ ” Ex parte Thorn, 788 So.2d 140, 145 (Ala.2000) (quoting 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (perm. ed. rev.vol.1999)). Additionally,
“[t]he Alabama Supreme Court has set out the following extraordinary circumstances in which it would be appropriate to pierce the corporate veil: 1) where the corporation is inadequately capitalized; 2) where the corporation is conceived or operated for a fraudulent purpose; or 3) where the corporation is operated as an instrumentality or alter ego of an individual or entity with corporate control.”
Gilbert v. James Russell Motors, Inc., 812 So.2d 1269, 1273 (Ala.Civ.App.2001).
“Courts and commentators are split as to whether the veil may be pierced to reach nonshareholders. Compare Mark J, Loewenstein, Veil Piercing to Non-Owners: A Practical and Theoretical Inquiry, 41 Seton Hall L.Rev. 839, 873 (2011) (discouraging veil-piercing to. *1284 reach nonshareholders), with Glenn G. Morris, Agency, Partnership and Corporations, 52 La. L.Rev. 493, 508 (1992) (encouraging veil-piercing to reach non-shareholders,- where appropriate).... [T]he majority of jurisdictions addressing this - question allow veil-piercing against nonshareholders. Additionally, with few exceptions, those jurisdictions that allow veil-piercing against non-shareholders have not required that the nonshareholder hold other formal roles within the corporation—for instance, as an officer, director, or employee—but rather abandon such formalism in favor of an equitable approach focusing on the individual’s domination of the corporation.”
Buckley v. Abuzir, 8 N.E.3d 1166, 1172, 380 Ill.Dec. 624, 630 (Ill.App.Ct.2014).
The United States Court of Appeals for the Second Circuit, applying New York law, held that “an individual who exercises sufficient control over the corporation may be deemed an ‘equitable owner,’ notwithstanding the fact that the individual is not a shareholder of the corporation.” Freeman v. Complex Computing Co., 119 F.3d 1044, 1051 (2d Cir.1997) (citing Guilder v. Corinth Constr. Corp., 235 A.D.2d 619, 619, 651 N.Y.S.2d 706, 707 (1997)); see also Buckley, 8 N.E.3d at 1172, 380 Ill.Dec. at 630. Additionally, the Colorado Court of Appeals determined that “it would elevate form over substance to allow [the defendant] to avoid personal liability merely because he [or she] has avoided owning stock in his [or her] own name and assuming a corporate title such as officer or director.” McCallum Family L.L.C. v. Winger, 221 P.3d 69, 75 (Colo.App.2009); see also Buckley, 8 N.E.3d at 1173-74, 380 Ill.Dec. at 631-32. The Indiana Court of Appeals also allowed veil-piercing with regard to a nonshareholder when the nonshareholder was the “principal figure” who had dealt with the person who was seeking to impose liability on that nonshareholder. Fairfield Dev., Inc. v. Georgetown Woods Sr. Apartments Ltd. P’ship, 768 N.E.2d 463, 473 (Ind.Ct.App.2002); see also Buckley, 8 N.E.3d at 1173-74, 380 Ill.Dec. at 631-32.
Connecticut and Louisiana courts have held that an individual’s status as a shareholder or a nonshareholder is but one factor to consider in determining whether to impose individual liability despite the existence of a corporate form. Angelo Tomasso, Inc. v. Armor Constr. & Paving, Inc., 187 Conn. 544, 556, 447 A.2d 406, 412 (1982); and Middleton v. Parish of Jefferson, 707 So.2d 454, 456 (La.Ct.App.1998); see also Buckley, 8 N.E.3d at 1173-74, 380 Ill.Dec. at 631-32. Specifically, the Louisiana Court of Appeals relied on the reasoning that, “ ‘[i]f the corporation’s very existence is to be disregarded in a veil-piercing case, it hardly makes sense to resurrect the stock ownership records of the legally nonexistent corporation as a means of limiting the class of persons that may be found to have acted in a way that justifies making them personally liable under a veil-piercing theory.’ ” Middleton, 707 So.2d at 457 (quoting Glenn G. Morris, Agency, Partnership and Corporations, 52 La. L.Rev. 493, 508 (1992)); see also Buckley, 8 N.E.3d at 1173-74, 380 Ill.Dec. at 631-32.
Finally, I note that the United States Court of Appeals for the Fifth Circuit, before the creation of the Eleventh Circuit, applied Alabama law and concluded that the key issue in determining whether equity requires a court to pierce the corporate veil of a corporation is not merely stock ownership but actual control of the corporation. Krivo Indus. Supply Co. v. National Distillers & Chem. Corp., 483 F.2d 1098 (5th Cir.1973).
In the present case, the main opinion notes that the undisputed evidence indi *1285 cates that the entire purpose of the corporation was to have an entity “through which Kitchura could conduct business” and that the corporate functions were undertaken by only him. 218 So.3d at 1279. Furthermore, Kitchura was allowed “to withdraw any money he needed from the corporate account for work expenses and for personal expenses, without limitation.” 218 So.3d at 1279. The evidence also indicates that Kitchura was the principal figure in TLIG’s dealings with Fialkowski and that he “ ‘exercise[d] considerable authority over [the corporation] ... to the point of completely disregarding the corporate form....’” Freeman, 119 F.3d at 1051 (quoting Lally v. Catskill Airways, Inc., 198 A.D.2d 643, 645, 603 N.Y.S.2d 619, 621 (1993)).
I find that, under the facts of this case, Kitchura is an equitable owner of TLIG. Freeman, 119 F.3d at 1051. To prevent Fialkowski from taking advantage of the equitable remedy of piercing the corporate veil under these facts would “elevate form over substance” and would, in fact, work against achieving equity in this case. McCollum Family L.L.C., 221 P.3d at 75. Therefore, I conclude that, in accordance with the majority of jurisdictions that have addressed this issue, the fact that Kitchura was not a shareholder, officer, or director of TLIG does not prevent him from being held individually liable for breach of the implied warranty of good workmanship and breach of contract and that, under the facts of this case, the trial court did not err in entering a judgment against Kitchura in his individual capacity. In all other respects, I concur in the main opinion.