■ 888 7TH AVENUE ASSOCIATES LIMITED PARTNERSHIP, Respondent, v ARLEN CORPORATION, Appellant, et al., Defendant. —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 21, 1990, denying defendant Arlen Corporation's motion to dismiss the amended complaint, aimed at piercing a corporate veil, for failure to state a cause of action, or other relief, unanimously affirmed, with costs.

New York law permits a litigant to disregard the corporate form where a corporation is shown to be a mere shell dominated and controlled by another for the latter's own purposes *(Mikropul Corp. v Desimone & Chaplin-Airtech,* 599 F Supp 940). The allegations that Arlen, the parent incorporator and sole owner of the undercapitalized subsidiary (defendant Dunville Realty), sharing common officers and directors with Dunville, exercising free access to Dunville's bank accounts for payment of its own salaries and operating expenses as well as those of other Arlen subsidiaries, thus depleting all of Dunville's liquid assets before plaintiff could satisfy its judgment for more than $500,000 in delinquent rent, sufficiently plead a cause of action for piercing the corporate veil *(Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522, 523;

*Matter of Sbarro Holding [Shiaw Tien Yuan],* 91 AD2d 613, 614; *Conan Props. v Mattel, Inc.,* 619 F Supp 1167).

The claim for reasonable counsel fees in this enforcement action is sufficiently related to the underlying summary proceeding to warrant inclusion under the broadly worded paragraph 30.02 of the amended complaint. We further hold that the cause of action alleging fraudulent conveyances, in contravention of sections 273 through 276-a of the Debtor and Creditor Law, was sufficiently pleaded. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.