■ AUSTIN POWDER COMPANY, Respondent, v BRIAN McCULLOUGH et al., Appellants. [628 NYS2d 855] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 19, 1994 in Ulster County, which granted plaintiff's motion for summary judgment.

In October 1992, plaintiff obtained a judgment against Tri-State Construction Supply, Inc. in the amount of $118,169.18. After deposing defendant Brian McCullough, Tri-State's president, for the purpose of discovering assets from which to satisfy the judgment, plaintiff brought suit against McCullough and defendant Anfo, Inc., another corporation controlled by McCullough, to hold both McCullough and Anfo legally liable for Tri-State's judgment debt. Based on the testimony of McCullough at his deposition and defendants' failure to offer proof sufficient to raise a material issue of fact, plaintiff's motion for summary judgment was granted by Supreme Court and defendants appeal.

This is a case in which plaintiff seeks to look behind Tri-State's corporate structure and assess liability. Generally courts will not pierce the corporate veil to reach a shareholder since the corporate form is a legitimate means of avoiding personal liability (see, Matter of Total Care Health Indus. v Department of Social Servs., 144 AD2d 678). However, a shareholder may be held liable for corporate debts upon a showing that he or she exercised complete dominion and control over the corporation (see, Matter of Guptill Holding Corp. v State of New York, 33 AD2d 362, affd 31 NY2d 897) or used the corporation to transact personal business (see, Matter of Total Care Health Indus. v Department of Social Servs., supra). The decision whether to pierce the corporate veil will depend upon the facts and circumstances of each case. Where a plaintiff can establish that the owner exercised complete domination of the corporation with respect to the transaction in question and said domination was used to commit a fraud or wrong against the plaintiff resulting in plaintiff's injury, the corporate veil may be pierced (see, Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135).

McCullough's testimony discloses that Tri-State had no board of directors, shareholders or corporate officers other than McCullough. Tri-State held no corporate meetings, kept no corporate records, had neither assets nor inventory, owned no real property or vehicles and conducted its business utilizing assets paid for and belonging to either McCullough or Anfo.

Tri-State's sole business was the resale of explosives which were delivered by the manufacturer to a trailer owned by McCullough and located next to his residence. The explosives were then delivered from the trailer to the purchasers by an Anfo employee in vehicles owned by Anfo, although the vehicles carried Tri-State's logo. Anfo insured the trucks and purchased the gas for them, and in addition paid the operating

expenses for the trailer, including the mortgage payments and Tri-State's telephone bills.

The record also discloses that Tri-State's only checking account was used to pay Anfo's payroll under an agreement between Anfo and Tri-State whereby Tri-State paid Anfo's payroll as a management fee for McCullough's services. In addition, Tri-State funds were used to pay McCullough's golf club dues as a "corporate obligation", and were also used to pay for landscaping McCullough's yard.

McCullough further testified that Anfo also had its offices in the trailer adjacent to McCullough's home. Aside from McCullough, the president and sole shareholder, Anfo had no other officers, shareholders or directors and had never held a corporate meeting. In addition, McCullough's automobile, a 1988 Porshe, was titled to Anfo. Payments were made by Anfo on this vehicle and Anfo also made the mortgage payments on McCullough's trailer, which was used as Tri-State's office.

In view of McCullough's testimony showing his complete control and domination of Tri-State, and the undercapitalization of the corporation, along with his disregard of corporate formalities and personal use of corporate funds, we find that plaintiff has produced sufficient evidence of wrongdoing to justify piercing the corporate veil as to McCullough (*see, Walkovszky v Carlton*, 18 NY2d 414; *Fern, Inc. v Adjmi*, 197 AD2d 444; *888 7th Ave. Assocs. Ltd. Partnership v Arlen Corp.*, 172 AD2d 445).

With respect to Anfo, it is clear from the record that McCullough operated Tri-State and Anfo as one entity by commingling assets, conducting operations from the same office and paying management fees to Anfo from Tri-State which served to divert these funds away from Tri-State's creditors, confirming plaintiff's contention that the two corporations were inextricably intertwined and justifying a disregard of the corporate structure.

When a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego, the corporate form may be disregarded to achieve an equitable result (*see, Passalacqua Bldrs. v Resnick Developers S.*, 933 F2d 131; *Gartner v Snyder*, 607 F2d 582; *Directors Guild v Garrison Prods.*, 733 F Supp 755).

Defendants contend that there has been no showing that the wrongdoing resulted in injury to plaintiff. However, we find that plaintiff has been injured as a result of Tri-State's under-

capitalization and McCullough's personal use of corporate funds which resulted in a judgment against Tri-State which Tri-State is unable to pay (*see, Hyland Meat Co. v Tsagarakis*, 202 AD2d 552).

McCullough's affidavit, submitted on behalf of himself individually and as Anfo's president, fails to raise any genuine or material questions of fact which would preclude judgment in favor of plaintiff. McCullough contends that Tri-State has accounts receivable totaling approximately $300,000; however, it is conceded that these accounts receivable are uncollectible due to the insolvency of the debtors. Therefore, we find that defendants have failed to raise a material issue of fact which would preclude summary judgment in favor of plaintiff and thus we affirm the order of Supreme Court (*see, Zuckerman v City of New York*, 49 NY2d 557).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.