■ ALBERT GUILDER, Appellant-Respondent, v CORINTH CONSTRUCTION CORPORATION, Defendant, and THOMAS MORONEY et al., Respondents-Appellants. [651 NYS2d 706] —Yesawich Jr., J. Cross appeals (1) from an order of the Supreme Court (Keniry, J.), entered October 10, 1995 in Saratoga County, upon a decision of the court in favor of defendants Thomas Moroney and Rise Moroney, and (2) from the judgment entered thereon.

In 1989, plaintiff and defendant Corinth Construction Corporation (hereinafter Corinth) entered into a land contract for the purchase of a parcel of real property located in the Town of Corinth, Saratoga County. By the terms of the contract, Corinth was to make a $10,000 downpayment and take possession of the property at the closing; the deed was to be held by an escrow agent until the balance of the $125,000 purchase price was paid. To this end, Corinth agreed to make monthly payments of $1,290.24. As security for Corinth's debt, plaintiff took a mortgage on the property.

After removing approximately 40,000 cubic yards of sand from the property, which it used as fill at another location, Corinth defaulted in payment in June 1992. Plaintiff thereafter commenced this action for breach of contract against Corinth (which has since declared bankruptcy), its principals (defendants Thomas Moroney and Rise Moroney) and the escrow agent (who was let out of the action, by stipulation, after the deed to the property was returned to plaintiff). Corinth and the Moroneys answered, Corinth and Rise Moroney interposed counterclaims, and a jury trial ensued.

Because Corinth failed to appear at trial, a default judgment was entered against it on the issue of liability, and the jury thereafter awarded plaintiff $80,000 in damages. The Moroneys' motion to set aside the verdict—which included the jury's rejection of Rise Moroney's counterclaim—as unsupported by the evidence was denied from the bench. Thereafter, Supreme Court, having reserved judgment on plaintiff's request to pierce the corporate veil, which it found presented an equitable question to be decided by the court, denied that request on the ground that plaintiff had not proven that the Moroneys actually owned Corinth. The Moroneys' renewed motion to set aside the verdict was also denied, and these cross appeals ensued.

Although the record does not establish that the Moroneys were indeed shareholders of Corinth, that does not preclude the relief plaintiff seeks. Even if the Moroneys were not Corinth's legal owners, it is apparent that they dominated and controlled the corporation to such an extent that they may be considered its equitable owners (see, Lally v Catskill Airways,

198 AD2d 643, 645; *Matter of Morris v New York State Dept. of Taxation & Fin.*, 183 AD2d 5, 8, *revd on other grounds* 82 NY2d 135). Inasmuch as the record could support differing conclusions with respect to whether the Moroneys abused their power over the corporation to commit fraud or other wrongdoing to plaintiff's detriment, however, and resolution of that issue involves questions of credibility and intent, we are of the view that the matter should be remitted so that Supreme Court, which had the benefit of observing the witnesses, can make relevant factual findings and determine whether this criterion for piercing the corporate veil (*see, Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 552-553) has been satisfied (*see, Antinelli v Toner*, 74 AD2d 996, 997).

The Moroneys' argument that plaintiff failed to prove his damages, and that the verdict must therefore be set aside as against the weight of the evidence, is unconvincing. While the Moroneys now maintain that the only proper measure of damages is the difference between the amount owed under the contract and the amount received by plaintiff, including the value of the land as returned to him, they did not so urge at trial. Not having objected to Supreme Court's charge, in which the jury was instructed that plaintiff's damages could be calculated by reference to the value of the material taken from the land, along with the cost of repairing any injury to the property caused by its removal, the Moroneys cannot now be heard to complain that this constituted an improper measure of the amount recoverable for Corinth's breach (*see, Martin v City of Cohoes*, 37 NY2d 162, 165-166; *Stram v Farrell*, 223 AD2d 260, 264).

Cardona, P. J., Mikoll and White, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reinstating that portion of the complaint seeking recovery against Thomas Moroney and Rise Moroney; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.