■ JAMES ROTELLA et al., Appellants, v ROBERT W. DERNER et al., Respondents. [670 NYS2d 154] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Derner Builders, Inc., contracted to construct a home for plaintiffs. Upon completion of construction, Derner Builders, Inc., commenced an action against plaintiffs to recover for extra work performed during construction. Plaintiffs counterclaimed for damages, al-

leging negligent workmanship in the construction of the home. After a lengthy nonjury trial, Supreme Court awarded Derner Builders, Inc., damages of $12,787 and awarded plaintiffs damages of $58,887 on their counterclaim. A judgment was entered in favor of plaintiffs in the sum of $66,928.88. Because Derner Builders, Inc., had only nominal assets, plaintiffs were unable to satisfy the judgment. Plaintiffs commenced this action to pierce the corporate veil of Derner Builders, Inc., and to hold Robert W. Derner (Derner) and Derner Homes, Inc., which was incorporated approximately one month before the conclusion of the trial in the underlying action, liable for the judgment. Supreme Court concluded that, although plaintiffs established that Derner exercised complete domination over Derner Builders, Inc., with respect to the construction of plaintiffs' home, plaintiffs failed to establish that Derner used his domination to commit a fraud or other wrong against plaintiffs. The court denied plaintiffs' motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint.

We agree that the evidence establishes that Derner exercised complete domination over Derner Builders, Inc. We conclude, however, that plaintiffs raised factual issues whether, through his domination of the corporation and his incorporation of Derner Homes, Inc., during the pendency of the litigation with plaintiffs, Derner "commit[ted] a fraud or wrong against the plaintiff[s] resulting in plaintiff[s'] injury" (*Austin Powder Co. v McCullough*, 216 AD2d 825, 826). Thus, we modify the order by denying the cross motion of defendants and reinstating the complaint. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.