OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, and matter *111 remanded to the court below for a new trial.
Plaintiff commenced the instant action to recover the sum of $8,790 for goods allegedly sold and delivered to defendant between September 27, 1995 and October 29, 1995. Plaintiff’s theory of recovery at trial was, inter alia, “piercing the corporate veil”, whereby plaintiff sought to impose personal liability upon defendant Beatrice James for the obligation incurred by the corporation Leemon Drugs, Inc., doing business as Forest Heights Pharmacy. Although James was the sole owner and shareholder of the corporation, this fact, in and of itself, is insufficient to justify disregarding the corporate form (see, Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 657). Plaintiff was required to show, in addition, that James used her control of the corporation “to commit a fraud or wrong against the plaintiff which resulted in plaintiff’s injury” (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). The record indicates that during the period of the transactions at issue, plaintiff was aware of the corporation’s financial difficulties, inasmuch as plaintiff changed the credit terms by imposing a monetary limit on the purchase of merchandise, and required periodic payments to be made towards the financial arrears owed to plaintiff. The fact that the corporation subsequently filed bankruptcy proceedings under chapter 7 of the 1978 Bankruptcy Code (11 USC), without more, cannot act to establish a fraudulent intent to deceive plaintiff.
However, at trial, plaintiff sought to introduce documentary evidence in support of its claim that James fraudulently used corporate assets to pay a personal debt of $83,000, and was one of the persons being sued by the bankruptcy trustee. Personal use of corporate funds is one of the factors to be considered in piercing the corporate veil (see, 14 NY Jur 2d, Business Relationships, § 39; see also, Austin Powder Co. v McCullough, 216 AD2d 825; Dannasch v Bifulco, 184 AD2d 415). Therefore the court improperly precluded the admission of evidence relevant to this issue. Accordingly, the matter is remanded to the court below for a new trial where the facts and circumstances surrounding the defendant’s use of corporate assets to pay a personal debt may be more fully developed. Inasmuch as it also appears that defendant James may be personally liable for the debt based upon plaintiff’s “Customer Application” form which, while indicating the corporate name as “Leemon Drugs Inc.” and the trade name as “Forest Heights Pharmacy”, was *112 signed by her individually (see generally, 2A NY Jur 2d, Agency and Independent Contractors, §§ 196-200), the pertinent facts regarding this issue should also be more fully developed at the new trial.
DiPaola, P. J., Ingrassia and Levitt, JJ., concur.