JAMES ROTELLA et al., Appellants, v ROBERT W. DERNER et al., Respondents. [723 NYS2d 801] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: After obtaining a judgment against defendant Derner Builders, Inc. (Derner Builders), plaintiffs commenced this action to pierce the corporate veil and hold defendant Robert W. Derner (Derner) personally liable for the judgment debt in the amount of $66,928.88. In their second cause of action, plaintiffs sought to invalidate the alleged fraudulent transfer of assets from Derner Builders to defendant Derner Homes, Inc. (Derner Homes). Plaintiffs appeal from a judgment dismissing the complaint following a nonjury trial on the issue whether, through his domination of Derner Builders and his incorporation of Derner Homes, "Derner 'commit[ted] a fraud or wrong against the plaintiff[s] resulting in plaintiff[s'] injury' (Austin Powder Co. v McCullough, 216 AD2d 825, 826)" (Rotella v Derner, 248 AD2d 1013, 1014). We conclude that Supreme Court misconstrued the action as one for fraud and erred in holding plaintiffs to a clear and convincing standard of proof.

An action to pierce the corporate veil and to hold the owners liable for an underlying corporate obligation is "equitable in nature" and dependent "on the attendant facts and equities"

(*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141). A plaintiff is "not required to plead or prove actual fraud in order to pierce the corporate defendant's corporate veil, but [must prove] only that the individual defendant's control of the corporate defendant was used to perpetrate a wrongful or unjust act toward plaintiff" (*Lederer v King*, 214 AD2d 354; *see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339). "Although proof of fraud is relevant in such a suit[,] it is not essential" (*Julien J. Studley, Inc. v Lefrak*, 48 NY2d 954, 956). Where, as here, an undercapitalized corporation is unable to pay a judgment debt and there has been "disregard of corporate formalities and personal use of corporate funds, * * * [there is] sufficient evidence of wrongdoing to justify piercing the corporate veil" (*Austin Powder Co. v McCullough, supra*, at 827; *see, Walkovszky v Carlton*, 18 NY2d 414, 420; *Matter of Pere v 1470-1488 U & R*, 268 AD2d 436, 437, *lv dismissed in part and denied in part* 95 NY2d 782, *rearg dismissed* 96 NY2d 793).

Plaintiffs' remaining cause of action pursuant to Debtor and Creditor Law § 273-a seeks to invalidate the allegedly fraudulent transfer of assets from Derner Builders to Derner Homes. There is no evidence, however, that any asset of value was transferred from Derner Builders to Derner Homes. Although plaintiffs contend that there was a fraudulent transfer of "good will," they never established the value of that "good will."

We have authority to grant the judgment warranted by the record in this nonjury case (*see, Matter of Hall v Barnes*, 225 AD2d 837, 839). Thus, we modify the judgment by reinstating the first cause of action and granting plaintiffs judgment on that cause of action against Derner in the amount of $66,928.88. (Appeal from Judgment of Supreme Court, Erie County, Stathacos, J.H.O.—Contract.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.