■ AMOS P. KELSEY, Appellant, v A & A METAL FABRICATING, INC., Respondent, et al., Defendant. (Appeal No. 1.) [726 NYS2d 891] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Dismiss Pleading.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ AMOS P. KELSEY, Appellant, v A & A METAL FABRICATING, INC., Respondent, et al., Defendant. (Appeal No. 2.) [726 NYS2d 532] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of plaintiff's cross motion seeking to dismiss the second counterclaim asserted by defendant A & A Metal Fabricating, Inc. (A & A). Plaintiff, individually and as president of A & A, entered into a stock purchase agreement pursuant to which defendant Warren Industries, Inc. (Warren) would become the sole shareholder of A & A. The agreement also provided that plaintiff would be employed by A & A for three years and would receive certain benefits. A & A terminated plaintiff a few months after the agreement was signed, and plaintiff commenced the instant breach of contract action. A & A alleges in its second counterclaim that plaintiff violated the covenant not to compete contained in the agreement, pursuant to which A & A represented to Warren that plaintiff would not compete with A & A within a 300-mile radius, for a period of three years. Plaintiff contends that any covenant made by A & A to Warren is not binding on him and that, although pursuant to the agreement he was to sign a covenant not to compete at the closing of the agreement, he was never asked to do so.

We conclude that, under the circumstances presented here,

plaintiff, as president and sole shareholder of A & A, "exercised complete domination" of A & A with respect to the stock purchase agreement and that, "through [his] domination, [he] abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [defendants] such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). Through his domination of A & A, plaintiff warranted to Warren that he would not compete with A & A; plaintiff now attempts to hide behind the corporate veil to shield himself from that warranty. We conclude that the corporate veil of A & A therefore should be pierced with respect to plaintiff (*see, Austin Powder Co. v McCullough,* 216 AD2d 825, 826), and that plaintiff is subject to liability for the alleged breach of the covenant not to compete (*see generally, Hyland Meat Co. v Tsagarakis,* 202 AD2d 552, 553). Contrary to plaintiff's further contention, A & A is the intended beneficiary of the covenant not to compete and thus has standing to assert a counterclaim against plaintiff for the alleged breach of that covenant (*see, Rekis v Lake Minnewaska Mtn. Houses,* 170 AD2d 124, 128-129, *lv dismissed* 79 NY2d 851, *rearg denied* 79 NY2d 978). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Reargument.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.