■ M&A Oasis, Inc., Appellant-Respondent, v MTM Associates, L.P., et al., Respondents-Appellants. [764 NYS2d 9] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 2, 2002, which, insofar as appealed and cross-appealed from, granted plaintiff leave to amend so as to add the 6th and 17th causes of action and to add the 10th and 14th causes of action in part, denied plaintiff leave to amend so as to add the 7th, 8th and 9th causes of action and a demand for punitive damages, denied plaintiff additional discovery without prejudice to a further request for discovery with respect to the 14th cause of action as it relates to Société Foncière pour les Investissements Extérieurs, N.V. (SOFIE), preliminarily enjoined defendants from selling 146-148 and/or 150 Wooster Street (the Property) without first notifying plaintiff, required plaintiff to post a $50,000 bond, and denied defendants sanctions, unanimously modified, on the law and the facts, to grant plaintiff leave to amend so as to add the 7th, 8th and 9th causes of action and the 10th cause of action in its entirety, to allow further disclosure with respect to the fraud claims and to deny plaintiff leave to amend so as to add the 17th cause of action, and otherwise affirmed, without costs or disbursements.

Plaintiff's proposed 6th cause of action for a declaration that it has a right of first refusal was properly allowed on the ground that while the making of an offer by a third party for the Property is beyond defendants' control, defendants' reaction to the offer is not, and that defendants' past conduct creates doubt as to what their reaction will be. Thus, the declaration "will have the immediate and practical effect of influencing [defendants'] conduct" (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]). However, the IAS court erred in rejecting plaintiff's proposed 7th cause of action declaring that it not only has a right of first refusal but is also entitled to the return of the $100,000 it advanced to defendants upon purchase of the Property. The breach of contract claim merely requests the return of the $100,000, and has nothing to do with whether plaintiff has a right of first refusal (*compare Apple Records v Capitol Records*, 137 AD2d 50, 54 [1988]). We reject defendants' argument that the breach of contract claim and the new 6th cause of action for a declaratory judgment combine to form an adequate substitute for the proposed 7th cause of action.

A preliminary injunction enjoining defendants from selling the Property was properly granted to assure the efficacy of any

declaratory judgment. Defendants' argument that any potential purchaser of the Property would discover the right of first refusal overlooks the possibility that the purchaser might be under defendants' control. Defendants' argument that they stand to lose millions as a result of the injunction lacks evidentiary support, and no basis otherwise exists for disturbing the IAS court's exercise of discretion in setting the injunction bond (*see Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]; *7th Sense v Liu*, 220 AD2d 215, 217 [1995]).

Plaintiff's proposed fraud claims are not time-barred. First, contrary to defendants' argument, the two-year discovery statute of limitations (CPLR 203 [g]) applies. Plaintiff is not trying to use CPLR 203 (g) to revive a completely time-barred case (*compare e.g. New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051 [1983], *affd* 61 NY2d 828 [1984]; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117 [1985], *affd* 67 NY2d 981 [1986]); plaintiff had valid claims for breach of contract and an accounting before it sought to add causes of action for fraud.

Second, the two-year statute of limitations did not begin to run until plaintiff discovered, in March 2000, that the sole shareholder of the mortgagee (SOFIE) was the mother of one of the principals of the mortgagor (defendant MTM). This fact, combined with the fact that the original $800,000 loan had ballooned to $2.47 million by February 2000 because of MTM's failure to make most payments, gave plaintiff a good-faith basis to assert that the mortgage was a sham. Since plaintiff could not have discovered this fact earlier (plaintiff had demanded information about the mortgage after becoming aware of its existence in late 1998, but defendants refused to provide such information until early 2000), the fraud claims are not time-barred (*cf. Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306 [1995], *lv denied* 86 NY2d 710 [1995]).

As the IAS court noted, the agreement on which plaintiff bases its contractual claims does not require the purchase of the Property to be an all-cash transaction. Therefore, defendant Capital Properties, Inc.'s alleged misrepresentation that the transaction would be all cash is not duplicative of plaintiff's breach of contract claim (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954 [1986]).

The proposed fraud claims are sufficiently specific (*see Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). Plaintiff alleges both an affirmative misrepresentation (that the deal would be all cash) and failure to disclose (e.g., failure to disclose SOFIE's loan to MTM).

It is true that the fraud claims are supported only by hearsay. However, defendants did not move for summary judgment; rather, plaintiff moved to amend its complaint. Because plaintiff has established a prima facie basis for its fraud claims, leave to amend should have been granted as to the 8th and 9th causes of action (*see Hospital for Joint Diseases Orthopaedic Inst. v James Katsikis Envtl. Contrs.*, 173 AD2d 210 [1991]).

Plaintiff's proposed 10th cause of action for breach of the covenant of good faith and fair dealing was properly allowed to the extent it alleges that defendants are deliberately keeping the rent on the Property low in order to avoid their obligation to repay the $100,000 if the rent exceeds a certain amount. The IAS court presumably rejected the remainder of the proposed 10th cause of action because it overlapped with plaintiff's fraud claims. However, since we have found that plaintiff's fraud claims are not time-barred, we reinstate the remainder of the proposed 10th cause of action.

The IAS court erred in permitting plaintiff to add a 17th cause of action for unjust enrichment because there is "a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

The 14th cause of action, which seeks to pierce SOFIE's corporate veil, should have been decided under the law of SOFIE's state of incorporation (*see Kalb, Voorhis & Co. v American Fin. Corp.*, 8 F3d 130, 132-133 [1993]). However, since the parties have cited New York rather than Netherlands law, we will apply New York law. Assuming, arguendo, that the corporate veil can be pierced to reach a nonshareholder (*see e.g. Guilder v Corinth Constr. Corp.*, 235 AD2d 619 [1997]; *Freeman v Complex Computing Co.*, 119 F3d 1044, 1051 [1997]), the IAS court properly refused to add Farzad Rastegar as an individual defendant under the 14th cause of action in the absence of any allegations that he was doing business in his individual capacity, shuttling his personal funds in and out of SOFIE without regard to corporate formalities and to suit his own convenience (*see Walkovszky v Carlton*, 18 NY2d 414, 420 [1966]). However, the IAS court properly sustained the cause of action seeking to pierce SOFIE's corporate veil to reach MTM and Capital, plaintiff having alleged that these defendants dominated SOFIE and used their control to perpetrate a fraud upon plaintiff and that SOFIE did not observe proper corporate formalities (*see e.g. Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]; *Heineman v S & S Mach. Corp.*, 750 F Supp 1179, 1188-1189 [1990]).

The IAS court's allowance of discovery with respect to SOFIE should be expanded to the extent that the fraud claims are allowed and should include the right to seek disclosure from the mother of Farzad Rastegar.

The IAS court properly denied defendants' motion for sanctions, as plaintiff's conduct to the date of the order being appealed was not frivolous within the meaning of 22 NYCRR 130-1.1 (c). We decline to consider, on this appeal, actions that took place after the order under review. Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.