■ MORNINGSIDE FUEL CORP. et al., Respondents, v ASSOCIATED FUEL OIL, INC., et al., Defendants, and EMIL FRIEDMAN, Appellant. [824 NYS2d 86]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered July 18, 2005, which, in an action arising out of the corporate defendant's (Associated) alleged breach of contract to purchase plaintiff corporation's assets, denied defendant-appellant's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

Assuming, arguendo, that Associated's corporate veil could be pierced to reach a nonshareholder (*cf. Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see M&A Oasis v MTM Assoc.*, 307 AD2d 872, 874 [2003]), we reject that theory of liability because it is not alleged in the complaint and, moreover, is not supported by evidence tending to show the requisite wrongful conduct (*see Morris*, 82 NY2d at 141, 142; *Lally v Catskill Airways*, 198 AD2d 643, 644-645 [1993]). Nevertheless, we sustain plaintiffs' claim against appellant based on the theory that appellant and Associated were joint venturers, on the ground that appellant, whose papers in support of the motion focused on his nonshareholder status and vaguely claimed no "interest" in Associated, failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.