Mercure, J.P.
Defendant First Guarantee Mortgage, LLC and its predecessor leased office space in a building owned by plaintiff from May 2000 through a term that was to end on August 31, 2010. After First Guarantee ceased operation, abandoned the premises and stopped making payments prior to the end of the lease period, plaintiff commenced this action against it. Plaintiff also sought to pierce the corporate veil and hold defendant David Silipigno personally liable for First Guarantee’s actions. Silipigno asserted various counterclaims, which plaintiff moved to dismiss, and Silipigno responded by cross-moving for summary judgment dismissing the complaint against him. Supreme Court granted both motions, and plaintiff now appeals.
Silipigno contends that he had no ownership or management role in First Guarantee, did not sign the lease or guarantee its performance and, thus, could not be held liable for its breach. A nonowner, however, may be held liable for a corporation’s torts if he or she “dominated and controlled [it] to such an extent that [he or she] may be considered its equitable owner[ ]” (Guilder v Corinth Constr. Corp., 235 AD2d 619, 619 [1997]; see Freeman v Complex Computing Co., Inc., 119 F3d 1044, 1051 [2d Cir 1997]; Lally v Catskill Airways, 198 AD2d 643, 645 [1993]). Plaintiffs claim against Silipigno is based upon allegations that Silipigno dominated First Guarantee’s affairs and, in so doing, committed a fraud or wrong that injured plaintiff (see *892 Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]; ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 931 [2012]).
In that regard, plaintiff presented evidence that Silipigno founded First Guarantee and was extensively involved with its operation, depositing and withdrawing substantial sums of money from its coffers and profiting from real property deeded to him by it. Indeed, plaintiffs claim against Silipigno stems from the allegation that he withdrew $5,000,000 from First Guarantee’s accounts, negating the assurances of solvency made by it to obtain the lease and rendering it an empty, judgment-proof shell.* Even assuming Silipigno made a prima facie showing of entitlement to summary judgment, plaintiff has presented evidence sufficient to raise a question of fact regarding whether Silipigno was the “equitable owner[ ]” of First Guarantee (Guilder v Corinth Constr. Corp., 235 AD2d at 619; see Teachers Ins. Annuity Assn. of Am. v Cohen’s Fashion Opt. of 485 Lexington Ave., Inc., 45 AD3d 317, 318 [2007]; see also Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 148 [2009]; cf. Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512-513 [2009]).
Finally, Silipigno has abandoned any arguments regarding Supreme Court’s dismissal of his counterclaims by failing to raise them in his brief (see Perkins v Kapsokefalos, 57 AD3d 1189, 1191 n 2 [2008], lv denied 12 NY3d 705 [2009]).
Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant David Silipigno’s cross motion for summary judgment; said cross motion denied; and, as so modified, affirmed.

 We note that plaintiffs efforts to obtain evidence to support his claims have been hampered by Silipigno’s refusal to cooperate with subpoenas intended to clarify the extent of his involvement with First Guarantee (see CPLR 3212 [f]; 181 S. Franklin Assoc. v Y & R Assoc., 6 AD3d 594, 594 [2004]).