▮ JANIE GRIGSBY, Appellant, v JOSEPH FRANCABANDIERO et al., Respondents. [58 NYS3d 835]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 20, 2016. The order, among other things, granted the motion of defendant Joseph Francabandiero to dismiss the amended complaint against him and that part of the cross motion of defendant Robert McDonald seeking to dismiss the amended complaint against him.

It is hereby ordered that the order so appealed from is modified on the law by denying the cross motion in its entirety and reinstating the amended complaint against defendant Robert McDonald, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to enforce a judgment obtained against Hyperion Recovery, LLC (Hyperion) in an action under the Fair Debt Collection Practices Act in the United States District Court for the Northern District of Illinois, which judgment was thereafter domesticated in New York. In her complaint in the instant action plaintiff alleged that, at all relevant times, defendants were the owners and members of Hyperion and that, in an effort to keep Hyperion judgment-proof, they had undercapitalized Hyperion and failed to adhere to corporate/LLC formalities. Plaintiff further alleged that, near the time that the domesticated judgment was entered, defendants wound down the business of Hyperion in favor of a newly-created business that acquired the physical assets of Hyperion and assumed its operations without providing for payment of Hyperion's outstanding liabilities, including the judgment debt owed to plaintiff.

Defendant Joseph Francabandiero moved to dismiss the complaint against him pursuant to CPLR 3211 (a) (1) and (7). In support of the motion, he submitted documents establishing that he had relinquished his interests as an owner, officer and member of Hyperion prior to May 2013, when the conduct complained of in the Federal District Court action occurred. In response, plaintiff amended her complaint to allege that "[a]t all times relevant . . . Francabandiero was an equitable owner of Hyperion."

Francabandiero thereafter asked Supreme Court to treat his motion as if it were addressed to the amended complaint. The court implicitly granted that request and granted his motion to dismiss the amended complaint against him. We agree with the court that plaintiff's bare allegation of equitable ownership was insufficient to salvage the amended complaint against Francabandiero. Plaintiff alleged no facts therein that, if proved, would establish that, after he divested himself of all interests in Hyperion, Francabandiero " 'dominated and controlled [the LLC] to such an extent that [he] may be considered its equitable owner' " (*Roohan v First Guar. Mtge., LLC*, 97 AD3d 891, 891 [2012]). As the court concluded, "[t]he amended complaint contains mere bare-bones allegations and is completely devoid of any sufficiently particularized support, as required, for the assertion that" Francabandiero may be considered an equitable owner of Hyperion (*Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 211 [2005]).

We reach a different conclusion, however, with respect to the cross motion of defendant Robert McDonald, who at all relevant times was the sole owner, officer and member of Hyperion.

McDonald cross-moved to dismiss the amended complaint against him and for sanctions, and the court granted that part of the cross motion seeking dismissal of the amended complaint. Plaintiff sufficiently alleges in the amended complaint that McDonald, "through [his] domination of [Hyperion], abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [her]" (*Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 174 [2013]). Plaintiff specifically alleged that McDonald took actions calculated to make Hyperion judgment-proof by undercapitalizing the LLC (*see Rotella v Derner*, 283 AD2d 1026, 1027 [2001], *lv denied* 96 NY2d 720 [2001]), and dissolving and thereafter diverting the assets of Hyperion to a new entity (*see Baby Phat Holding Co., LLC v Kellwood Co.*, 123 AD3d 405, 407-408 [2014]), without reserving funds to satisfy the judgment debt (*see Olivieri Constr. Corp. v WN Weaver St., LLC*, 144 AD3d 765, 766-767 [2016]). We therefore conclude that, at this stage of the litigation, plaintiff sufficiently alleged that McDonald "engaged in acts amounting to an abuse or perversion of the LLC form to perpetrate a wrong or injustice against [her]" to survive his motion to dismiss the amended complaint (*Grammas v Lockwood Assoc., LLC*, 95 AD3d 1073, 1075 [2012]). We therefore modify the order accordingly.

All concur except Curran, J., who concurs in the result in the following memorandum.

Curran, J. (concurring). I concur with the result reached by the majority and with the analysis of my colleagues, but I write separately to underscore what, in my view, is an underdeveloped issue in this area of the law. In order to pierce the corporate veil, a plaintiff must show that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). "Additionally, 'the corporate veil will be pierced to achieve equity . . . [w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego' " (*Williams v Lovell Safety Mgt. Co., LLC*, 71 AD3d 671, 672 [2010], *lv denied* 14 NY3d 713 [2010]).

I agree with the majority that the allegations in the amended complaint against defendant Robert McDonald are sufficient to meet these standards. I further agree with the majority's dif-

ferent result with respect to defendant Joseph Francabandiero, i.e., that plaintiff failed to allege facts sufficient to establish that Francabandiero " 'dominated and controlled [the LLC] to such an extent that [he] may be considered an equitable owner' " (*Roohan v First Guar. Mtge., LLC*, 97 AD3d 891, 891 [2012]).

Significantly, the only difference in the allegations in the amended complaint against the respective defendants is that Francabandiero is alleged to be "an equitable owner," while McDonald is alleged to be "a legal owner and member" of Hyperion Recovery, LLC (Hyperion). The remaining allegations with respect to seeking to pierce Hyperion's veil pursuant to an alter ego theory are identical against both defendants. Thus, this Court is drawing a distinction between "an equitable owner" and "a legal owner and member" for the purposes of piercing the corporate veil pursuant to an alter ego theory. I agree with the majority that, even at the pleading stage, a distinction exists between a non-owner who is alleged to be an "equitable owner" and an owner for purposes of piercing the corporate veil. Specific facts must be alleged demonstrating that the defendant non-owner has so dominated and controlled the business such that the non-owner may be considered an "equitable owner" of the business. In other words, as the majority's determination demonstrates, it is not enough to allege the elements of a claim to pierce the corporate veil premised on an alter ego theory and merely state that the defendant is an "equitable" owner.

All of this, of course, presumes that the concept of an "equitable owner" fits within the alter ego theory, which is an issue that none of the parties in this case raised on appeal. While the principle that a nonshareholder may be liable as an equitable owner has been used by other courts in cases involving piercing the corporate veil (*see Roohan*, 97 AD3d at 891; *M&A Oasis v MTM Assoc.*, 307 AD2d 872, 874 [2003]; *Trans Intl. Corp. v Clear View Tech.*, 278 AD2d 1, 1-2 [2000]; *Guilder v Corinth Constr. Corp.*, 235 AD2d 619, 619-620 [1997]; *Lally v Catskill Airways*, 198 AD2d 643, 644-645 [1993]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 183 AD2d 5, 8 [1992], *revd on other grounds* 82 NY2d 135 [1993] [recognizing that a nonshareholder's liability under an " 'alter ego' theory . . . has not been definitively addressed by the courts of this State"]), the Court of Appeals has not expressly decided the issue (*see Morris*, 82 NY2d at 142 [determining that it is "not necessary to decide the question" of whether "a nonshareholder could be personally liable under a theory of

piercing the corporate veil"]). The adoption of that concept by the Court of Appeals would involve wide-ranging policy considerations inasmuch as it would expand the pool of potential defendants subject to an alter ego theory to include non-owners (such as affiliated business entities, managers and employees), and could potentially reduce the protections afforded when forming a business entity. That concern may be even more significant to a limited liability company that, if the members so provide in their articles of organization, may be under the control of a manager or managers, rather than under the control of the members (*see* Limited Liability Company Law § 408 [a]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.