Clark Rigging & Rental Corp. v Liberty Mut. Ins. Co. (2020 NY Slip Op 00760)





Clark Rigging & Rental Corp. v Liberty Mut. Ins. Co.


2020 NY Slip Op 00760


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1182 CA 19-00233

[*1]CLARK RIGGING & RENTAL CORP., PLAINTIFF-APPELLANT,
v
LIBERTY MUTUAL INSURANCE COMPANY, KC PRECAST, LLC, DEFENDANTS, AND TRI-KRETE LIMITED, DEFENDANT-RESPONDENT. 






COLLIGAN LAW LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SHEATS & BAILEY, PLLC, LIVERPOOL (ANTHONY C. GALLI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Niagara County (Henry J. Nowak, Jr., J.), entered December 13, 2018. The order, insofar as appealed from, granted in part the motion of defendant Tri-Krete Limited to dismiss the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the first and second causes of action against defendant Tri-Krete Limited are reinstated.
Memorandum: Plaintiff commenced this action against defendants Tri-Krete Limited (Tri-Krete) and KC Precast, LLC (KC Precast) for breach of contract, account stated, unjust enrichment, and fraudulent inducement, and against defendant Liberty Mutual Insurance Company to recover on a payment bond, arising out of work KC Precast hired plaintiff to perform in connection with a construction project. Tri-Krete moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7), contending that plaintiff failed to sufficiently allege that Tri-Krete is an alter ego of KC Precast. Plaintiff appeals from an order insofar as it granted Tri-Krete's motion with respect to the first and second causes of action, for breach of contract and account stated. We agree with plaintiff that Supreme Court erred in granting that part of the motion, and we therefore reverse the order insofar as appealed from.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
Affording the allegations in the complaint every possible favorable inference (see Palladino v CNY Centro, Inc., 70 AD3d 1450, 1451 [4th Dept 2010]), we conclude that plaintiff sufficiently alleged that Tri-Krete is an alter ego of KC Precast (see Grigsby v Francabandiero, 152 AD3d 1195, 1196-1197 [4th Dept 2017]). It is well settled that, "[w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego, the corporate form may be disregarded to achieve an equitable result" (Austin Powder Co. v McCullough, 216 AD2d 825, 827 [3d Dept 1995]). "A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to [*2]commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury' " (Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016 [2d Dept 2007], quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). However, "[b]ecause a decision to pierce the corporate veil in any given instance will necessarily depend on the attendant facts and equities, there are no definitive rules governing the varying circumstances when this power may be exercised" (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]).
With respect to the first element, plaintiff alleged, inter alia, that nonparties Marc Bombini, Adam Bombini, and Tony Bombini "were and/or are in exclusive control" of KC Precast and are also the officers or directors of Tri-Krete; that the Bombinis intermingled the assets of Tri-Krete and KC Precast with each other and with the Bombinis' personal assets; that KC Precast utilized its alter ego, Tri-Krete, as the subcontractor on certain paperwork connected with the construction project because KC Precast was unable to obtain workers' compensation insurance; and that the Bombinis made clear in certain conversations with plaintiff that Tri-Krete and KC Precast are one and the same (cf. Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407, 407 [1st Dept 2007]).
With respect to the second element, it is well established that "[w]rongdoing in this context does not necessarily require allegations of actual fraud. While fraud certainly satisfies the wrongdoing requirement, other claims of inequity or malfeasance will also suffice" (Baby Phat Holding Co., LLC, 123 AD3d at 407). Plaintiff's complaint includes a fraudulent inducement cause of action against both Tri-Krete and KC Precast in which plaintiff alleges, inter alia, that at the request of KC Precast and its alter ego, Tri-Krete, and in actual reliance upon their promise of payment, plaintiff performed work; that the promises were clear and were made in order to induce plaintiff to perform the work and to delay the filing of an action against them or the assertion of a claim under the payment bond; and that both KC Precast and Tri-Krete knew that their representations were false and never intended to pay plantiff. We therefore conclude that, at this stage of the litigation, plaintiff sufficiently alleged that the asserted domination of KC Precast by Tri-Krete was used to commit a fraud or wrong against plaintiff which resulted in plaintiff's injury (see Grigsby, 152 AD3d at 1197).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court