Matter of Berisha v 4042 E. Tremont Café Corp. (2023 NY Slip Op 05460)

Matter of Berisha v 4042 E. Tremont Caf Corp.

2023 NY Slip Op 05460

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 260677/16E Appeal No. 941 Case No. 2023-00978 

[*1]In the Matter of Frank Berisha, Petitioner-Appellant,
v
4042 East Tremont CafÉ Corp., Doing business as "Tosca CafÉ," etc., et al., Respondents-Respondents.

Law Offices of Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for appellant.
Kenneth J. Gorman, P.C., New York (Kenneth J. Gorman of counsel), for respondents.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered February 6, 2023, which denied judgment as a matter of law on the petition, unanimously modified, on the law, to dismiss the claims under Debtor & Creditor Law §§ 273-a, 276, and 276-a, the de facto merger and aiding and abetting fraudulent transfer claims, and the request for punitive damages, and otherwise affirmed, without costs.
Issues of fact exist precluding summary determination of the applicability of veil-piercing or alter ego principles to impute liability to respondent Hasim "Eddie" Sujak (Eddie) (see generally Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]; Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]). Even if an individual is not a record owner of a corporation, he may nonetheless be found to be an "equitable owner" and alter ego thereof if he "dominated and controlled [it] to such an extent that [he] may be considered its equitable owner[]" (Roohan v First Guar. Mtge., LLC, 97 AD3d 891, 891 [3d Dept 2012]; see Freeman v Complex Computing Co., 119 F3d 1044, 1051 [2d Cir 1997]). As such, it is not dispositive that petitioner was not a record owner of respondents Tosca Coal Burning Oven, Inc. (Tosca Coal) or 4042 East Tremont CafÉ Corp. (4042 East), as he may still be found to be an equitable owner thereof.
On the issue of domination and control, petitioner submitted evidence that Eddie paid Tosca Coal and 4042 East's legal bills and made legal decisions on Tosca Coal's behalf in the underlying personal injury action; purported in numerous contexts to represent or have an interest in the restaurant even after Tosca Coal or 4042 East took over; personally transferred the restaurant's furniture, fixtures, equipment and other assets to close family members without payment or possibly even documentation in Tosca Coal's case; was identified as a restaurant manager in other lawsuits even after Tosca Coal took over; hired at least one 4042 East employee and possibly one Tosca Coal employee; signed vendor checks on behalf of (in respondent Adis Radoncic's name) and was responsible for payroll at 4042 East; and was an authorized signatory on 4042 East's bank account. In opposition, respondents submitted evidence that Eddie merely provided assistance to his brother and brother-in-law in running Tosca Coal and 4042 East, for which he was paid a salary, that he did not control these entities, that he never forged checks, that he paid the legal bills because the other entities were now all defunct, and that the former employee who accused Eddie of forgery had motive to lie. The issue of domination and control thus depends on a credibility determination that cannot be made at this stage.
On the issue of use of domination and control to defraud, petitioner submitted evidence that Eddie attempted to make Tosca Coal judgment-proof by orchestrating the transfer of the restaurant business (including goodwill, furniture, equipment, etc.) from [*2]that entity to 4042 East, for no consideration to a close family member, and shuttering Tosca Coal as soon as it looked like it would be joined in the personal injury action (see Grigsby v Francabandiero, 152 AD3d 1195, 1197 [4th Dept 2017]). The earlier transfer from respondent Tosca CafÉ Inc. to Tosca Coal is irrelevant to fraudulent intent as it predated the events that gave rise to the subject judgment (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]). In opposition, respondents submitted evidence suggesting an alternative reason for the transfer — i.e., family issues. Which narrative is accepted depends on a credibility determination that cannot be made at this stage.
Petitioner's reliance on the law of the case doctrine is misplaced. This Court reversed the prior order of Justice Sherman on the law, obviating the need to evaluate the relevant factual findings (see Matter of 4042 E. Tremont CafÉ Corp. v Sodono, 177 AD3d 456, 456-458 [1st Dept 2019]). The findings of the Supreme Court are not binding on this Court (see Martin v Cohoes, 37 NY2d 162, 165 [1975]).
Issues of fact exist with respect to the tortious interference with enforcement of judgment claim for the same reasons outlined above (see generally Strachman v Palestinian Auth., 73 AD3d 124, 128 [1st Dept 2010]). Issues of fact also exist with respect to the amount of damages for this claim (see id.).
The de facto merger doctrine may not be employed to impute liability to 4042 East because petitioner has failed to allege continuity of ownership between Tosca Coal and 4042 East — an essential element of a de facto merger (see Matter of New York City Asbestos Litig., 15 AD3d 254, 256-257 [1st Dept 2005]).
The Debtor and Creditor Law claims must fail for lack of a conveyance (see Debtor & Creditor Law §§ 273-a, 276, and 276-a). We held on a prior appeal that the re-leasing of the restaurant space did not constitute a conveyance and that for the transaction evidenced by the promissory note to constitute a conveyance from a judgment debtor to 4042 East "would require piercing the corporate veil twice: to find that Sujak is the same as Tosca Coal or Tosca CafÉ, Inc. and to find that Radoncic is the same as 4042 East Tremont" (see Matter of 4042, 177 AD3d at 458). Even if Eddie is the alter ego of Tosca Coal, there are still no allegations of veil-piercing with respect to Radoncic and 4042 East.
The aiding and abetting a fraudulent transfer claim must fail for failure to allege that Eddie was a transferee or beneficiary of the fraudulent conveyance (see generally Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]; BBCN Bank v 12th Ave. Rest. Group Inc., 150 AD3d 623, 624 [1st Dept 2017]; Priestley v Panmedix, Inc., 2021 NY Misc LEXIS 1617, *23-24 [Sup Ct, NY County, Apr. 9, 2021], mod on other grounds 202 AD3d 417, 419 [1st Dept 2022]).
The mere removal of property from the reach of a creditor "is not misconduct so 'gross and wanton' as to justify [*3]an award of punitive damages" (Blakeslee v Rabinor, 182 AD2d 390, 392-393 [1st Dept 1992], lv denied 82 NY2d 655 [1993]).
We note, as there will be further proceedings below, that the answer of Tosca Coal
should not be considered — at least unless and until that entity seeks and obtains leave to answer at this late stage.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023