**Robert J. PARNELL, Petitioner-Appellee,**

**v.**

**TREMONT CAPITAL MANAGEMENT, CORP., formerly known as Tremont Investment Management, Inc., and Tremont Group Holdings, Inc., for-**

merly known as Tremont Capital Management, formerly known as Tremont Advisers, Inc., Respondents–Appellants.

No. 07–0752–cv.

United States Court of Appeals, Second Circuit.

May 30, 2008.

Vincent J. Syracuse (Ralph A. Siciliano, John E. Greene, of counsel), Tannenbaum Helpern Syracuse & Hirschtritt, LLP, New York, N.Y., for Respondents–Appellants.

Kenneth G. Roberts (Jennifer F. Beltrami, of counsel), Wolf, Block, Schorr and Solis–Cohen LLP, New York, N.Y., for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. ERIC N. VITALIANO, District Judge.[1]

**SUMMARY ORDER**

Respondents appeal from a judgment of the United States District Court for the Southern District of New York, confirming an award of an arbitration panel constituted by the American Arbitration Association's International Centre for Dispute Resolution. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"[W]e review *de novo* a district court's review of arbitration awards under the manifest disregard of law standard." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (internal quotations omitted). Under this standard, we will enforce an arbitration award, even if we disagree with the merits, if there is "a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir.1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir.1978)). In addition, the Federal Arbitration Act ("FAA") enumerates certain bases for vacating an arbitration award, only one of which is arguably relevant to the instant appeal: We may vacate the award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

Appellants claim that the arbitration panel manifestly disregarded settled corporate law in holding Tremont Capital Management, Inc. ("Tremont US") liable for the contractual obligations of its Canadian subsidiary, Tremont Capital Management, Corp. ("Tremont Canada") in connection with the exercise of a call option payment to Appellee. We find, however, that the panel's decision to hold Tremont U.S. liable finds at least barely colorable justification in New York law, which allows a party to pierce the corporate veil upon showing "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii)

---

1. The Honorable Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir.1997). There was evidence that Tremont U.S. used its complete domination over Tremont Canada to effect a transfer of Tremont Canada's most substantial asset—its account with Mackenzie Financial Corporation—to itself, possibly leaving Tremont Canada unable to satisfy its contractual obligation to petitioner. *See 888 7th Ave. Assocs. Ltd. P'ship v. Arlen Corp.*, 172 A.D.2d 445, 569 N.Y.S.2d 16, 17 (N.Y.App. Div. 1st Dep't 1991) (affirming the denial of a motion to dismiss by parent company where plaintiff alleged that parent had undercapitalized subsidiary, leaving subsidiary unable to cover its rent obligations); *see also Kinney Shoe Corp. v. Polan*, 939 F.2d 209, 212 (4th Cir.1991) (holding parent liable for subsidiary's contractual obligations where subsidiary was not adequately capitalized). Any error in the arbitration panel's decision to hold Tremont U.S. liable for the call option payment does not rise to the level of manifest disregard of the law or constitute grounds for reversal under the FAA. We have considered all of respondents' other arguments and find them to be without merit.

Petitioner has moved for sanctions pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. While ultimately unsuccessful, the appeal cannot be said to be "groundless, without foundation, and without merit." *In re Drexel Burnham Lambert Group Inc.*, 995 F.2d 1138, 1147 (2d Cir.1993). Similarly, respondent has moved for sanctions under 28 U.S.C. § 1927 based on petitioner's use of the "sanctions card as a litigation tactic." Respondent has failed, however, to show facts sufficient for us to find "conduct constituting or akin to bad faith." *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir.1997).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. The cross-motions for sanctions are hereby **DENIED** with prejudice.