■ TONYA ANDERSON, Respondent, v HAL H. HARRIS, Appellant. [890 NYS2d 48]—

Family Court properly ordered child support to be based upon the needs or standard of living of the child, whichever was greater (*see* Family Ct Act § 413 [1] [k]). Respondent defaulted by appearing more than two hours late on March 3, 2005. The Support Magistrate reasonably concluded that respondent's default was not excusable (*see* CPLR 5015 [a] [1]). Respondent's claim that he did not have to appear until 11:30 A.M. is refuted by petitioner's adjourn slip indicating that the March 3 hearing was for 9:15 A.M., and respondent failed to produce his adjourn slip.

Respondent objected on the ground that the April 21, 2008 support order would reduce his income below the poverty level (*see* Family Ct Act § 413 [1] [d]), but Family Court failed to determine respondent's income. If one accepts respondent's tax return for 2005 (the most recent tax return before the April 2008 support order, as respondent requested extensions for his 2006 and 2007 returns), he would be below the poverty level after paying $342 biweekly ($8,892 per year). Neither the Support Magistrate nor Family Court accepted the income shown in the tax return, which they were entitled to do (*see e.g. Matter of Childress v Samuel*, 27 AD3d 295, 296 [2006]). While exercising its discretion to impute income to respondent (*see e.g.* Family Ct Act § 413 [1] [b] [5] [v]), the court was "required to provide a clear record of the source from which the income is imputed and the reasons for such imputation" (*Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684, 685 [2005]) and "the record is not sufficiently developed to permit appellate review" (*id.*). When calculating respondent's income, the court should deduct the child support that respondent provided to his two sons who are not the subject of the instant action (*see* Family Ct Act § 413 [1] [b] [5] [vii] [D]).

The Support Magistrate was not "interested" within the meaning of Judiciary Law § 14. "In the absence of statutory grounds, the decision upon a recusal motion is a discretionary one . . . and should not be disturbed unless the moving party can point to an actual ruling which demonstrates bias, which appellant does not do here" (*Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271, 271 [1998], *lv dismissed* 92 NY2d 875 [1998] [internal quotation marks, emendations, and citations omitted]).

Respondent's contention that the purge amount set in the October 2008 order ($18,000) is excessive is premature because the purge amount is part of the Support Magistrate's recommendation of incarceration, which is subject to confirmation by Family Court (*see* Family Ct Act § 439 [a]). Since Family Court will determine whether respondent is below the poverty line, we note that "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person . . . unpaid child support arrears in excess of five hundred dollars shall not accrue" (Family Ct Act § 413 [1] [g]).

Respondent's argument that the contempt proceeding against him for violating a support order should have been dismissed because he was never served with the violation petition is unavailing. In open court on May 12, 2005, respondent's attorney said that petitioner could serve her with the petition; respondent, who was in court, did not disagree. On June 13, 2005, respondent's attorney received the petition, as respondent himself admitted in paragraph 5 (c) of his affidavit, sworn to on July 11, 2005.

Respondent's contention that due process was violated lacks merit. "Due process is satisfied so long as a party receives reasonable notice of a claim and an opportunity to be heard" (*Matter of Stone v Stone*, 218 AD2d 824, 825-826 [1995], *lv dismissed* 87 NY2d 843 [1995]). Respondent received both.

We also reject respondent's argument that the contempt proceeding should have been dismissed because the Support Magistrate did not decide his motion to dismiss within 60 days. The 60-day deadline in CPLR 2219 (a) is "precatory . . . so that a decision rendered after the expiration of the allotted time is still a valid one" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2219:2).

We have considered respondent's remaining arguments, to the extent they are preserved and properly before us on this appeal, and find them devoid of merit. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.