■ KENNETH ORR, Appellant, v DANIEL YUN et al., Respondents. [945 NYS2d 237]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 24, 2011, which denied plaintiff's recusal motion, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 24, 2011, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment, unanimously modified, on the law, to deny defendants' motion as to the first, third, and fourth causes of action, and otherwise affirmed, without costs.

Plaintiff contends that the court should have recused itself because its "impartiality might reasonably be questioned" (22 NYCRR 100.3 [E] [1]). However, a judge's decision not to recuse herself on this ground will not be reversed unless there has been an abuse of discretion (Matter of Johnson v Hornblass, 93 AD2d 732, 733 [1983]). We find no such abuse. Nor do we find any ruling by Justice Scarpulla that demonstrates bias (see Anderson v Harris, 68 AD3d 472, 473 [2009]).

The court erred in granting summary judgment dismissing

the first, third, and fourth causes of action based on collateral estoppel. One of the requirements for invoking collateral estoppel is that "the identical issue necessarily must have been decided in the prior action and be decisive of the present action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). It is true that, on an appeal in a prior action among the parties (the note action), we stated that defendants "executed [a promissory] note in exchange for rescinding their pre-existing agreement" (*Orr v Yun*, 83 AD3d 525, 525 [2011]). However, as plaintiff noted in footnote 2 of his brief on the prior appeal, there was more than one agreement among the parties. On their summary judgment motion, defendants did not demonstrate as a matter of law that the note rescinded the February 2006 agreement at issue in the instant case.

Defendants' argument that plaintiff obtained a favorable result in the note action by arguing that the note terminated the February 2006 agreement and that, therefore, he is judicially estopped to argue the contrary in the present action is without merit. While, in the note action, plaintiff argued to the motion court that the note was consideration for canceling an agreement with his then employer, he argued to this Court that the consulting relationship that was being terminated was different from the February 2006 agreement, which says nothing about consulting.

Plaintiff's argument that his cross motion for summary judgment on liability on his contract claim should be granted because defendants relied solely on collateral and judicial estoppel below is also without merit. In opposition to plaintiff's cross motion, defendants argued that there were factual issues regarding fraudulent inducement and mutual termination. It is true that the motion court dismissed defendants' counterclaim for fraudulent inducement and that defendants have not cross-appealed. However, drawing all inferences in defendants' favor on plaintiff's summary judgment motion, we find that Yun's deposition testimony raises an issue of fact whether he paid plaintiff $100,000 to, inter alia, terminate the February 2006 agreement. Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.