Matter of Suero v Touro Coll. (2018 NY Slip Op 00122)





Matter of Suero v Touro Coll.


2018 NY Slip Op 00122


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Renwick, J.P., Tom, Kapnick, Oing, JJ.


5425N 100164/15

[*1] In re Nelson Suero, Petitioner-Appellant,
v
Touro College, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart L. Karlin of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City (Paul F. Millus of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered August 22, 2016, inter alia, compelling arbitration of the parties' dispute, unanimously affirmed, without costs.
The special referee properly exercised his discretion in declining to recuse himself on the ground of a conflict of interest (see Orr v Yun, 95 AD3d 661 [1st Dept 2012]). We find that his impartiality may not "reasonably" be questioned (see 22 NYCRR 100.3[E][1]) on the basis of his having been an adjunct professor at respondent Touro College's law school for "a couple of semesters," more than 15 years before the hearing in this proceeding against respondent Touro College of Osteopathic Medicine.
Petitioner failed to meet his burden of showing that his share of the cost of arbitration was prohibitively high (see Matter of Brady v Williams Capital Group, L.P., 14 NY3d 459, 462 [2010]). He did not sufficiently establish the likely cost of arbitration or the differential between arbitration and litigation costs. Even accepting counsel's conclusory estimate of those costs, petitioner did not show that he would be unable to afford them.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK