Matter of N.L. v S.L. (2020 NY Slip Op 06453)





Matter of N.L. v S.L.


2020 NY Slip Op 06453


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Docket No. F05630-11/12B Appeal No. 12336 Case No. 2020-01884 

[*1]In the Matter of N.L., Petitioner- Appellant,
v
S.L. Respondent- Respondent.


Orrick Herrington & Sutcliffe LLP, New York (Rene Kathawala of counsel), for appellant.
Advocate, LLP, New York (Jason Advocate of counsel), for respondent.



Order, Family Court, New York County (Valerie A. Pels, J.) entered on or about February 3, 2020, which denied petitioner-mother's objections to the findings of fact and recommendation, after a hearing, of the same court (Kevin Mahoney, S.M.), entered on or about November 15, 2019, insofar as they determined that the father was in willful violation of a child support obligation and (1) recommended incarceration, subject to confirmation by a Family Court judge, which could be vacated by payment of a purge amount of $84,000.00, and (2) which did not set a schedule for payment of the child support arrears, unanimously reversed, on the law, without costs, and the matter remanded for consideration of the mother's objections on the merits.
The parties were never married and have one child together, who was born in 2005. On or about March 20, 2012, the Family Court entered an order of child support, which required, among other things, that the father pay $7,600 per month in child support and awarded retroactive support of $83,953.88.
On December 5, 2012, the mother filed a violation petition, asserting that the father had willfully violated the 2012 child support order, because he made no support payments and no payments toward the arrears. A willfulness hearing commenced on or about December 23, 2013. However, for various reasons, including the retirement of the first two support magistrates who presided over the matter, and the father's default and later successful motion to vacate his default, the mother's petition was not decided until nearly seven years later, on or about November 15, 2019.
On or about December 2, 2013, while that proceeding was pending, the Support Magistrate issued a money judgment against the father in the amount of $144, 365.69, representing child support arrears due as of January 19, 2013. On June 22, 2015, the Family Court entered a second money judgment against the father in the amount of $153,830.77, with interest.
At the conclusion of the violation proceeding, the Support Magistrate determined that, as of October 17, 2019, the father had willfully failed to pay a total of $830,668.37 in child support, of which $397, 732 had accrued since entry of the 2015 money judgment. Consequently, he directed entry of a third money judgment in the amount of $397,732, and recommended that the father be incarcerated for six months, and further directed that the father could purge his contempt and avoid incarceration by paying $84,000 by December 16, 2019.
On December 16, 2019, the Support Magistrate referred the matter to a Family Court judge to confirm the recommendation of incarceration. Later the same day, however, the Family Court judge established that the father's counsel had obtained proof that the father had proffered a certified check for the recommended purge amount to the Support Collection Unit. The mother's counsel argued that the purge amount recommended by the Support Magistrate was insufficient, in view of the father's resources and the amount of arrears owed, and that the Family Court should set a payment schedule with regard to the balance. However, the judge stated that, since the recommended purge amount had been paid, the matter was no longer properly before him.
On or about December 20, 2019, both parties filed objections to the Support Magistrate's determinations. As relevant to this appeal, the mother objected to the recommended purge amount as insufficient, and also objected to the Support Magistrate's failure to set a payment schedule and to direct that failure to make a payment would result in referral to a Family Court judge for incarceration.
On or about February 3, 2020, Family Court denied both parties' objections. In its order, Family Court found that the judge who had determined that the father had paid the recommended purge amount had implicitly "confirmed" the Support Magistrate's recommendation of incarceration and the purge amount of $84,000. Accordingly, the court found that the mother's objection to the purge amount was not properly before it, and could only be challenged on appeal from the order confirming the recommendation. Family Court further found that the mother's request for a payment plan should be addressed to the Support Magistrate, who had asked the mother's counsel to submit papers relevant to a payment plan. Family Court therefore did not rule on the merits of her objection to the failure of the Support Magistrate to direct a payment plan when it denied her violation petition. The mother now appeals.
The record fails to support the Family Court's conclusion that the purge amount recommended by the Support Magistrate had been confirmed by the Family Court judge on December 16, 2019 (see Anderson v Harris, 68 AD3d 472 [1st Dept 2009]).
The Rules of the Family Court provide that:
"[i]n a case heard by a support magistrate, a Family Court judge may confirm the findings of the support magistrate by adopting his or her findings and recommendations in whole or in part. Alternatively, the Family Court judge may modify or refuse to confirm the findings and recommendations and may refer the matter back to the support magistrate for further proceedings. The court may, if necessary, conduct an evidentiary hearing"
(22 NYCRR 205.43[i]).
Here, the record contains no written order confirming or rejecting the Support Magistrate's recommendation. Moreover, the transcript of the proceedings on December 16, 2019 makes clear that the court did not adopt or modify the Support Magistrate's findings and recommendations, in whole or in part, or make new findings. Accordingly, the Family Court erred, on February 3, 2020, when it denied the mother's objections on the basis that the court had confirmed the Support Magistrate's recommendation of incarceration and a purge amount.
The Family Court Rules further provide that, where a support magistrate makes a finding of willfulness, the findings of fact "shall" include "a recommendation, as appropriate, regarding a specific dollar amount to be paid or a specific plan to repay the arrears" (22 NYCRR 205.43[g][4]). The mother's request for a payment plan for the support arrears was properly before the court, as neither the Support Magistrate nor the Family Court judge who previously presided over the matter considered her request on the merits. 
Accordingly, this matter must be remanded to a Family Court judge for proceedings consistent with this decision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020