Matter of Mercedes E.H. v Dexter R.N. (2021 NY Slip Op 05082)





Matter of Mercedes E.H. v Dexter R.N.


2021 NY Slip Op 05082


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Docket No. V29448-15/17C V29448-15/18F-I V32227-15/18F-H Appeal No. 14199-14199A-14199B Case No. 2020-04955 2020-04956 2020-04957 

[*1]In the Matter of Mercedes E.H., Petitioner-Respondent-Respondent,
v
Dexter R.N., Respondent-Petitioner-Appellant.


John F. De Chiaro, Larchmont, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about October 13, 2020, which modified a prior temporary order of visitation concerning respondent father's parenting time with the parties' child, unanimously affirmed, without costs. Orders, same court and Judge, entered on or about November 30, 2020, which, to the extent appealed from as limited by the briefs, denied respondent's recusal motion and dismissed his modification petition with prejudice, unanimously affirmed, without costs.
Contrary to respondent's initial argument on appeal, the court did not "deny" a previously ordered in camera hearing with the child. The record of the February 2020 proceedings reflects that the court stated that it would address the issue at the relevant time in the future. Moreover, during proceedings on July 6, 2020, the court again acknowledged the possibility of interviewing the child.
The court providently exercised its discretion in modifying the temporary order of visitation.[FN1] Contrary to respondent's contention, the court had sufficient relevant information to determine the child's best interests without holding an evidentiary hearing; indeed, respondent failed to identify any necessary additional evidence (see Matter of Ciara B. [Edward T.-Alba B.], 96 AD3d 833 [2d Dept 2012]). Petitioner sought the modification in September 2020, when, due to the COVID-19 pandemic, the child was attending school from petitioner's home, where petitioner was also working. Since the child was not physically at school, it became nonsensical for an order directing respondent to pick up the child from "school" on Fridays at 2:30 p.m. Contrary to respondent's argument, the court reached a fair and practical compromise, changing respondent's time to begin at 4:30 p.m., after the conclusion of the petitioner's workday, and to commence the time on Thursdays, as requested by respondent, to compensate for lost hours and provide respondent an opportunity to participate in the child's remote schooling on Fridays. Respondent's complaint that his total parenting time was reduced because it was changed from three weekends per month to every other weekend fails to account for the additional hours resulting from the change in the day of the pickup, which also provided respondent with the opportunity to participate in the child's remote schooling on Fridays. Respondent's objection to collecting the child curbside at petitioner's home is unsupported by evidence warranting his claimed safety concerns.
The court providently exercised its discretion in denying respondent's recusal motion. Respondent failed to identify an actual ruling that demonstrated bias (see Anderson v Harris, 68 AD3d 472, 473 [1st Dept 2009]; see also Glatzer v Bear Stearns & Co., Inc., 95 AD3d 707 [1st Dept 2012]). Respondent's argument based on purported ex partecommunications ignores his counsel's refusal to participate in the conference at issue, despite the court's repeated efforts to ensure [*2]that counsel knew of the conference and would participate. Respondent's claim that the court permitted petitioner's counsel to interrupt his direct testimony with questions is belied by the transcript showing that counsel framed certain objections as questions, which respondent chose to answer although they were directed not at him but at the court, and that the court stated that it would not consider respondent's unsolicited answers as testimony. Respondent's remaining arguments in support of recusal are equally unavailing.
Respondent's modification petition was properly dismissed with prejudice, given his refusal to proceed with trial on November 16 unless the court recused itself. The court properly deemed respondent's conduct an abandonment of his claims (Osipova v New York Univ., 157 AD2d 487 [1st Dept 1990]; see also Le Jeunne v Baker, 182 AD2d 969 [3d Dept 1992]).
We have considered respondent's remaining arguments and find them unavailing. 
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: September 28, 2021



Footnotes

Footnote 1: We note that the October 13, 2020 order resulted from an order to show cause brought by petitioner, who also had a modification petition pending before the Family Court. In the interest of deciding cases on their merits, we deem respondent's notice of appeal an application for leave to appeal from the court's modification of the temporary order of visitation, which we grant (see Matter of Noemi E.R. v Vinod S.P., 191 AD3d 544, 544-545 [1st Dept 2021]; see also Family Ct Act § 1112[a]).