**40-56 Tenth Ave. LLC, Appellant, v 450 West 14th St. Corp., Respondent.** [803 NYS2d 56]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered April 6, 2005, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

Plaintiff's property at 48-56 Tenth Avenue borders defendant's property at 450-456 West 14th Street. Plaintiff has an exclusive use easement over defendant's property that provides the only access from the rear of its premises to West 14th Street. The easement agreement provides that the easement will exist

"for so long as the business of dealing in meats, meat products or other food products is carried on in the [48-56 Tenth Avenue] premises." In or about March 2000, plaintiff's premises were damaged by fire, to the extent that they must be reconstructed. By letter dated December 8, 2004, plaintiff sought from defendant an acknowledgment in writing that the operation of a food service business such as a restaurant would be consistent with the continued existence of the easement.

When defendant did not respond, plaintiff instituted this action seeking a judgment declaring that the operation of a food service business such as a restaurant would be consistent with the continued existence of the easement. Defendant moved to dismiss the complaint for failure to state a cause of action. The motion court dismissed the action on the ground that since there is no building at the premises and no lease for any space in the building that may be constructed, there is no pending controversy and it would be inappropriate for the court to issue an advisory opinion.

A request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]). However, that is not the case here. Plaintiff alleges that it desires to use the premises to realize the highest possible rental income and that it intends to pursue food service businesses such as restaurants as prospective tenants, but that it cannot reconstruct the premises for use as a restaurant without knowing whether such use would place the continued existence of the easement in jeopardy. Here, "where the future event is an act contemplated by one of the parties, it is assumed that the parties will act in accordance with the law and thus the court's determination will have the immediate and practical effect of influencing their conduct" (*id.* at 530-531; *see e.g. M&A Oasis v MTM Assoc.*, 307 AD2d 872, 872 [2003] [cause of action for declaration properly allowed because "while the making of an offer by a third party for the Property is beyond defendants' control, defendants' reaction to the offer is not, and . . . defendants' past conduct creates doubt as to what their reaction will be"]). Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.