MARK BULLER, Respondent, v MICHAEL GOLDBERG et al., Appellants, et al., Defendants. [836 NYS2d 65]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 9, 2005, which, to the extent appealed from, granted plaintiff's motion for summary judgment on his fifth cause of action, declaring the option agreement between plaintiff and defendants Goldberg and Umlauf enforceable as between the parties thereto, unanimously affirmed, with costs.

Plaintiff and defendants-appellants Goldberg and Umlauf entered into an agreement granting plaintiff an irrevocable option to purchase, on the decease of the grantors, the shares and proprietary leases appurtenant to their apartments in a residential cooperative. Appellants, however, have since challenged the enforceability of the agreement and plaintiff, in turn, has sought a declaration as to its validity. Appellants oppose the declaratory relief sought, and obtained, by plaintiff on the ground that the enforceability of the option agreement depends on potentially distant events beyond the parties' control, and, accordingly, that the matter is not ripe for adjudication. Appellants, however, do not dispute that they informed plaintiff of their belief that the option agreement is not binding, and, in view of that repudiation, amounting to an anticipatory breach, a justiciable controversy has been created (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458 [1998]; *Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70, 77-78, 80 [2002], *lv denied* 100 NY2d 504 [2003]). While it is true that a request for a declaratory judgment is ordinarily premature where a future event affecting the obligations of the contracting parties is contemplated, yet uncertain of occurrence and beyond the parties' control (*see 40-56 Tenth Ave. LLC v 450 W. 14th St. Corp.*, 22 AD3d 416, 417 [2005]), such relief is available where the declaration will have the immediate and practical effect of influencing the parties' current conduct (*see id.* at 417; *M&A Oasis v MTM Assoc.*, 307 AD2d 872, 872-873 [2003]). Accordingly, inasmuch as the declaration as to the enforceability of the option agreement as between its parties has a direct and pres-

ent impact upon appellants' ability to dispose of their shares under the cooperative shareholders' agreement, it was not prematurely rendered. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.