■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellant, v COMPACTION SYSTEMS CORPORATION OF NEW JERSEY et al., Respondents. [27 NYS3d 1]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 8, 2014, which denied the motion of plaintiff, National Union Fire Insurance Company of Pittsburgh, PA (National Union), for summary judgment, and granted defendants' (collectively, Compaction) cross motion for partial summary judgment declaring that its claim for contribution from National Union's insured was outside the scope of the subject settlement agreement, unanimously affirmed, with costs. Appeal from decision, dated June 28, 2013, unanimously dismissed, without costs, as taken from a nonappealable paper.

Although a request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur, that is not the case here, where there is a pending third-party claim for contribution, and Compaction has stated its intent to seek recovery from National Union in the event any judgment obtained is otherwise unrecoverable (*see Combustion Eng'g v Travelers Indem. Co.*, 75 AD2d 777, 778 [1st Dept 1980], *affd* 53 NY2d 875 [1981], citing *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-530 [1977]; *Prashker v United States Guar. Co.*, 1 NY2d 584, 591-592 [1956]; *40-56 Tenth Ave. LLC v 450 W. 14th St. Corp.*, 22 AD3d 416, 417 [1st Dept 2005]).

Nevertheless, pursuant to the plain language of the settlement agreement and release entered into between National Union and Compaction in the underlying coverage action, the claims released are those asserted against Compaction for its own acts and liability as a landfill operator and transporter (*see Hallmark Synthetics Corp. v Sumitomo Shoji N.Y.*, 26 AD2d 481, 484 [1st Dept 1966] ["The general rule is that where a

release contains a recital of a particular claim, obligation or controversy and there is nothing on the face of the instrument other than general words of release to show that anything more than the matters particularly specified was intended to be discharged, the general words of release are deemed to be limited thereby" (internal quotation marks and citations omitted)], *affd* 20 NY2d 871 [1967]).

Compaction is not precluded from asserting a third-party complaint against Carter Day Industries, Inc., as successor-in-interest to National Union's insured under the subject policies, for its proportionate share of liability, if any. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.