■ AG SUPER FUND INTERNATIONAL PARTNERS, L.P., et al., Appellants, v WINTHROP REALTY TRUST, Respondent. [53 NYS3d 48]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 19, 2016, which, inter alia, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs seek a judgment declaring that a fee-shifting bylaw adopted by defendant is unenforceable. Supreme Court correctly determined that plaintiffs' challenge to the bylaw is not a justiciable controversy, because the applicability of the bylaw depends on a future event that is beyond the parties' control and may never occur (*see New York Pub. Interest Research Group v Carey*, 42 NY2d 527 [1977]). The fee-shifting bylaw is triggered only if plaintiffs sue defendant and fail to obtain "a judgment on the merits that substantially achieves, in substance and amount, the full remedy sought." While the commencement of a suit is within plaintiffs' control, the outcome of such a suit is not; whether plaintiffs are entitled to the declaratory judgment they seek is dependent upon that outcome (*see Prashker v United States Guar. Co.*, 1 NY2d 584, 590 [1956]). Moreover, a declaration would have immediate effect only if it were in plaintiffs' favor; if the declaration were in defendant's favor, plaintiffs would face the same economic disincentive to commencing an action against defendant as they face in the absence of a declaration. Thus, unlike cases upon which plaintiffs rely, a declaratory judgment would not quiet the parties' dispute (*see generally Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 99 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]). Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.