■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Respondent, v COMPACTION SYSTEMS CORPORATION OF NEW JERSEY et al., Appellants. [64 NYS3d 548]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered September 27, 2016, which denied defendants' (collectively, Compaction) motion to dismiss or stay the fourth cause of action, seeking a declaration that the contribution claim asserted by Compaction against plaintiff's (National Union) insured, Combustion Equipment Associates, Inc. (CEA), in related pending federal environmental litigation, is not covered under the National Union policies, unanimously reversed, on the law, with costs, and the cause of action stayed pending resolution of the federal litigation.

The prior appeal in this case considered the first cause of action ripe for adjudication because the issue concerned National Union's relationship with Compaction pursuant to the 1998 settlement agreement between those parties (*see National Union Fire Ins. Co. of Pittsburgh, PA v Compaction Sys. Corp. of N.J.*, 136 AD3d 594, 594 [1st Dept 2016]). Issues remain as to whether complete relief can be afforded as to National Union's fourth cause of action, for declaratory relief as to Compaction's claim for contribution, because, to the extent the fourth cause of action implicates liability, the insurer may be exonerated in this declaratory action "on a different factual basis from that which will . . . be established" in the pending federal action (*Prashker v United States Guar. Co.*, 1 NY2d 584, 590-591 [1956]). Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.