GLCA Sec., LLC v Gardes Holdings, Inc. (2022 NY Slip Op 06064)

GLCA Sec., LLC v Gardes Holdings, Inc.

2022 NY Slip Op 06064

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 654101/21 Appeal No. 16546 Case No. 2022-02694 

[*1]GLCA Securities, LLC, Plaintiff-Appellant,
v
Gardes Holdings, Inc., Defendant-Respondent.

Amini LLC, New York (John W. Brewer of counsel), for appellant.
Wilk Auslander LLP, New York (Stuart M. Riback of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered May 6, 2022, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion to dismiss defendant's first counterclaim seeking a declaratory judgment, unanimously affirmed, without costs.
Defendant retained plaintiff to provide financial advisory services in connection with future business in Alaska, including possible transactions with potential partners to develop and distribute natural gas. Under the parties' agreement, plaintiff was entitled to receive a fee of the greater of $1 million or 5% of the consideration received or paid by defendant in the event of a 'Transaction," which the agreement defined as "any merger, consolidation, joint venture, scheme of arrangement or other business combination pursuant to which the business of [defendant] is combined with that of a third party . . . (an 'M&A')." Plaintiff seeks to recover a $1 million transaction fee in connection with defendant's $1.3 million acquisition of certain assets, including oil and gas leases, collectively called the "North Fork Unit."
The court correctly concluded that defendant's acquisition of the North Fork Unit did not constitute a "Transaction" under the agreement such that plaintiff was entitled to a transaction fee. Applying the principle of ejusdem generis, the general phrase "other business combination" is to be construed as a transaction similar to a merger, consolidation, or joint venture in which defendant's business operations would be combined with the operations of a third-party partner (see Miller Tabak + Co., LLC v Senetek PLC, 118 AD3d 520, 522 [1st Dept 2014], lv denied 24 NY3d 917 [2015]). This definition would not include defendant's acquisition of assets, such as the North Fork Unit. Plaintiff contends that the acquisition of the North Fork Unit was, under certain definitions, a "business combination" and that the purchase and sale agreement defined the North Fork Unit as a "business entity," but such does not render the transaction the type of "business combination" contemplated by the agreement that justifies a $1 million fee.
The court correctly denied plaintiff's cross motion to dismiss defendant's counterclaim seeking a declaratory judgment. The counterclaim alleges that defendant's business is being impacted by plaintiff's continuing assertion to a right to a transaction fee in connection with future transactions, and seeks a declaration as to the types of transactions that would entitle plaintiff to a fee. Although such declaratory relief contemplates future events beyond the control of the parties, it "will have the immediate and practical effect of influencing the parties' current conduct" (Buller v Goldberg, 40 AD3d 333, 333 [1st Dept 2007]) and will not be "merely advisory" (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]; see also Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 679-680 [1st Dept 2017]).
We have considered [*2]plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022