Nolles v Chester Shores Homeowners Assn. (2025 NY Slip Op 06950)

Nolles v Chester Shores Homeowners Assn.

2025 NY Slip Op 06950

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-25-0168
[*1]Patrick Nolles et al., Respondents,
vChester Shores Homeowners Association, Appellant.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Gerber Ciano Kelly Brady LLP, Buffalo (David P. Johnson of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Jeffrey B. Shapiro of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Amy Quinn, J.), entered November 20, 2024 in Warren County, which partially denied defendant's motion to dismiss the complaint.
Plaintiffs are the joint owners of a parcel of real property in the Chester Shores Development located in the Town of Chester, Warren County, which they purchased in 2020. As relevant here, the property is subject to a limited easement that grants access to an area known as the community beach for the express purposes of swimming, boating, picnicking and recreation and prohibits any commercial use. Shortly after purchasing the property, plaintiffs began to advertise and rent the property as a short-term rental. According to plaintiffs, at a meeting in August 2022, defendant brought and passed a motion to put to a vote an amendment to its bylaws that would add a regulation restricting the use of community areas to only deeded residents of the community. A vote was put to defendant's members, the proposed amendment was approved and the bylaws were amended, effective January 2023.
Plaintiffs commenced this action alleging five causes of action against defendant for interference with quiet enjoyment, nuisance and tortious interference with contract, and two claims for declaratory judgment — one for a declaration that defendant lacked general authority to prohibit plaintiffs' guests from using the beach and the second for a declaration that defendant lacked the authority to restrict plaintiffs' renters from using the beach. Defendant joined issue, alleging certain counterclaims, and plaintiffs filed a reply. Subsequently, defendant was granted a preliminary injunction in August 2024, which continues to remain in effect, prohibiting plaintiffs from advertising access and use of the community beach in any rental advertisement as well as enjoining plaintiffs from permitting renters from accessing or using the community beach. Meanwhile, defendant moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court partially granted defendant's motion and dismissed the claims for interference with quiet enjoyment, nuisance and tortious interference with contract for failure to state a claim but summarily denied defendant's motion as to the causes of action seeking declaratory judgments. Defendant appeals.
We affirm. "When presented with a motion to dismiss under CPLR 3211, [the court] must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). "The sole criterion under a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) is whether, from the pleading's four corners, factual allegations are discerned which taken together manifest [*2]any cause of action cognizable at law" (Doller v Prescott, 167 AD3d 1298, 1299 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]).
As relevant here, "[S]upreme [C]ourt may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001). "Courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events" (Grand S. Point, LLC v Bassett, 230 AD3d 49, 67 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], appeal dismissed 42 NY3d 1025 [2024], lv denied 43 NY3d 907 [2025]). Thus, "plaintiff[s'] allegations must demonstrate the existence of a bona fide justiciable controversy, defined as a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Salvador v Town of Queensbury, 162 AD3d 1359, 1360 [3d Dept 2018] [internal quotation marks and citations omitted]; see Parker v Hilton, 233 AD3d 1472, 1474 [4th Dept 2024]). "It is well established that a declaratory judgment is a discretionary remedy, and the general rule in declaratory judgment actions is that on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him [or her]" (County of Monroe v Clough Harbour & Assoc., LLP, 154 AD3d 1281, 1282 [4th Dept 2017] [internal quotation marks, brackets and citations omitted]).
The core contention advanced by defendant is that plaintiffs' two causes of action seeking declaratory relief fail to articulate a justiciable controversy. The foundation of that argument relies on Supreme Court's finding that plaintiffs had failed to plead sufficient harm to support their tort claims, which in turn renders their request for declaratory relief akin to a request for an advisory opinion. We disagree. "The fact that the court may be required to determine the rights of the parties upon the happening of a future event does not mean that the declaratory judgment will be merely advisory" (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530 [1977]). "A distinction has been made between those cases in which the likelihood of a future event is controlled by the action or inaction of some third party and is, therefore, wholly speculative and abstract[,] and those cases in which the future event is an act contemplated by one of the parties, and it is assumed that the parties will act in accordance with the law and thus the court's determination will have the immediate and practical effect of influencing their conduct" (Hussein [*3]v State of New York, 81 AD3d 132, 135-136 [3d Dept 2011] [internal quotation marks, brackets and citations omitted], affd 19 NY3d 899 [2012]; see AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d 624, 626 [2d Dept 2020]).
Read liberally, the crux of plaintiffs' complaint, and the declaratory actions at issue, is that defendant purports to have general authority over the use and enjoyment of the properties in Chester Shores and that it has asserted its ability to prohibit plaintiffs' renters from utilizing the common beach area by erecting signage to that effect. Although the complaint does not assert that any one of plaintiffs' renters had been removed from the beach area at that point, "[a] determination may be made in the sound discretion of the trial court where a genuine dispute may arise before any breach or violation has occurred and before there is any need or right to resort to coercive measures" (Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d 767, 769 [3d Dept 2008] [internal quotation marks and citation omitted]). In this case, the alleged signage that purports to exclude renters from the beach area is sufficient to establish that a "declaration will have the immediate and practical effect of influencing the parties' current conduct" with respect to that right, and the actual removal of plaintiffs' renters need not first occur in order to establish the existence of a justiciable controversy (Buller v Goldberg, 40 AD3d 333, 333 [1st Dept 2007]; see Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2d Dept 2010]; 40-56 Tenth Ave. LLC v 450 W. 14th St. Corp., 22 AD3d 416, 417 [1st Dept 2005]; M & A Oasis v MTM Assoc., 307 AD2d 872, 872 [1st Dept 2003]; see also Matter of Newton v Town of Middletown, 31 AD3d 1004, 1007 [3d Dept 2006]). Defendant's remaining contentions have been considered and found unavailing.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.