Anderson v Artimus Constr., Inc.

2026 NY Slip Op 02721

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Belina Anderson, etc., Plaintiff-Appellant,

v

Artimus Construction, Inc., et al., Defendants-Respondents.

Decided and Entered: April 30, 2026

Index No. 100012/19 |Appeal No. 6507|Case No. 2024-07623|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Belina Anderson, appellant pro se.

Herrick, Feinstein LLP, New York (Meaghan Roe of counsel), for Artimus Construction, Inc., and 110th Street Equities, LLC, respondents.

Rosenfeld & Kaplan, LLP, New York (Steven M. Kaplan of counsel), for Barnard College, Board of Trustees of Barnard College, College Association of the Cathedral Gardens Condominium, Board of Managers of the College Association of the Cathedral Gardens Condominium, Dormitory Authority of the State of New York, respondents.

Wasserman Grubin & Rogers, LLP, New York (Guiting Lu of counsel), for Board of Managers of The Cathedral Gardens Condominium Association, respondent.

Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for City of New York Department of Housing Preservation and Development, respondent.

[*1]

Order, Supreme Court, New York County (Debra A. James, J.), entered November 1, 2024, which, to the extent appealed from, granted defendants' respective motions pursuant to CPLR 3211 to dismiss the complaint in its entirety, unanimously affirmed, without costs.

Initially, any argument that the court's order is invalid based on CPLR 2219(a) is unavailing (see Anderson v Harris, 68 AD3d 472, 474 [1st Dept 2009]).

Plaintiff's derivative claims were properly dismissed, as her complaint does not state that she made a pre-litigation demand pursuant to Business Corporation Law § 626(c) to the joint board or the non-college board (on whose behalf she purports to sue) (see Central Laborers' Pension Fund v Blankfein, 111 AD3d 40, 46-47 [1st Dept 2013]). Plaintiff also made no apparent assertions in the complaint as to the futility of a pre-litigation demand (see Asbestos Workers Phila. Pension Fund v Bell, 137 AD3d 680, 682 [1st Dept 2016]). Moreover, any futility argument is contradicted by admissions in the complaint that the joint board responded to her demands on several occasions.

As to plaintiff's individual breach of fiduciary duty claims, including her individual nuisance claim, the complaint did not contain any allegations of fraud, self-dealing, or unconscionability (see Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 989 [1st Dept 2009]). Rather, the allegations of the complaint indicate that the joint board and/or the college defendants merely declined to take certain actions or to consistently respond to her complaints in the way that she desired. These allegations do not constitute the type of misconduct that would overcome the business judgment rule. Additionally, these claims appear to be based on contractual duties, thus foreclosing allegations of a breach of fiduciary duty (see Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 423 [1st Dept 2014]).

[*2]

As to plaintiff's individual claims for declaratory judgment, a cause of action for declaratory judgment lacks merit where it "depends on a future event that is beyond the parties' control and may never occur" (see AG Super Fund Intl. Partners, L.P. v Winthrop Realty Trust, 149 AD3d 629, 629 [1st Dept 2017]). Plaintiff's direct claim against Artimus Construction, Inc. and 110th Street Equities, LLC, contingent on the outcome of pending litigation, depends on hypothetical events that may never occur. As to the direct claim concerning the durability of the primary residence covenant, plaintiff points to no allegations in the complaint that she intended to either pay off the enforcement mortgage or dispose of the property (cf. 40-56 Tenth Ave. LLC v 450 W. 14th St. Corp., 22 AD3d 416, 417 [1st Dept 2005]). Plaintiff's direct claim regarding her purported reporting obligation as to the noncompliance of other unit owners with the primary residence requirement was properly dismissed, as neither the complaint nor the documentary evidence contain any indication that plaintiff might have such an obligation.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026